**The STATE of Ohio, Appellee,**

v.

**REED, Appellant.**

[Cite as *State v. Reed* (1996), 110 Ohio App.3d 749.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 95CA07.

Decided May 10, 1996.

750

*Christopher E. Tenoglia,* Meigs County Assistant Prosecuting Attorney, for appellee.

*William H. Safranek,* for appellant.

---

HARSHA, Judge.

Becky Davidson Reed appeals from a judgment of conviction and sentence entered by the Meigs County Court of Common Pleas, after a jury trial, finding her guilty of theft of a credit card. She assigns the following error for our review:

"The court erred by sustaining the states [*sic*] objection to defendant's question of the witness Rachael Davidson as to why she had found living at her grandmother's unacceptable."

Appellant allegedly stole three credit cards from Pamela Roush, the receptionist at the dentist office where appellant had taken her daughter, Rachael Davidson, for an examination, and used two of the three credit cards to make purchases without Roush's permission. Appellant was arrested and indicted on one count of theft, in violation of R.C. 2913.02, with the specification that the property stolen was a credit card, pursuant to R.C. 2913.01(U). The court conducted a jury trial on May 3, 1995, at which the state presented six witnesses against appellant, including Rachael Davidson and Roush.

Rachael testified at trial that she saw the three credit cards bearing Roush's name on the seat of her mother's car when she and her mother drove home from her dentist appointment. She also testified that her mother induced Carly Lemaster to sign the credit card receipts, and then threw the cards in a trash can at the SuperAmerica on their way home from the mall. Rachael's trial testimony

conflicted with her first statement to the police, in which she implied that Carly Lemaster may have been the thief. Rachael testified she had originally lied to protect her mother.

On cross-examination, Rachael admitted that she had told the police that she had had disagreements with her mother and that she had been placed in her grandmother's custody after giving her second statement, which incriminated her mother, to the police. Appellant then attempted to question Rachael about why she found living with her grandmother unacceptable. The state objected to this line of questioning. Appellant argued that Rachael had a habit of making allegations against various people to get her moved from place to place. Appellant proffered evidence that Rachael did not want to live with her maternal grandparents because she said her stepgrandfather made sexual advances toward her. Appellant then alleged that these were false allegations. The trial court sustained the state's objection.

The jury found appellant guilty of theft of a credit card and she was sentenced to eighteen months at the Women's Reformatory at Marysville. Appellant filed a timely appeal.

■■■ In appellant's sole assignment of error, she argues that the trial court erroneously restricted her cross-examination of Rachael Davidson. Initially, we must determine our standard of review. Trial courts have broad discretion in the admission or exclusion of evidence. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. Accordingly, a reviewing court will not reverse a trial court's rulings on the admissibility of evidence absent an abuse of discretion. *Id.* The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148. Therefore, to find an abuse of discretion, we must find that the trial court committed more than an error of judgment. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

The trial court sustained the state's objection prohibiting the testimony of Rachael Davidson as to why she found it unacceptable to live with her maternal grandparents. Appellant argues that the testimony is admissible pursuant to Evid.R. 406 and 608(B).

Evid.R. 406 provides:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is

relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

Habit is to be distinguished from character. Ohio has recognized that distinction by admitting evidence of habit to establish the same conduct under like circumstances on the occasion in issue, while excluding evidence of a general disposition toward the conduct in issue. See Evid.R. 404(A) and *State v. Hohman* (1991), 81 Ohio App.3d 80, 83, 610 N.E.2d 473, 475. Therefore, the definitions of habit and character are critical. Character is a generalized description of one's disposition as it relates to a general trait such as honesty, temperance or peacefulness. Character evidence is normally inadmissible under Evid.R. 404(A). Habit is much more specific than character. It describes one's regular response to a repeated factually specific situation. It is a person's regular practice of meeting a particular kind of situation with a specific kind of conduct, such as the habit of going down a particular stairway two steps at a time. The rationale for admitting habitual acts is that they may become automatic. The difference in treatment accorded habit and character evidence is based upon the greater probative value of habit evidence. Unquestionably, the uniformity of one's response to habit is far greater than the consistency with which one's conduct conforms to character or disposition. See, generally, Giannelli, Ohio Evidence Manual, Author's Comment, Sections 406.01 and 406.03.

Accordingly, we do not hesitate to conclude that the trial court properly excluded the proffered evidence in light of its more realistic classification as impermissible character evidence under Evid.R. 404(A). In sum, the proferred testimony did not rise to the level of habit, even if appellant's contention that Rachael was making a false allegation against her stepgrandfather was true. It was not a regular response to a repeated factually specific situation.

Appellant also argues that the testimony is admissible to impeach Rachael Davidson's credibility by showing she had made prior false accusations against other people. Under Evid.R. 608(B), particular instances of conduct may be inquired into on cross-examination.[1] However, the power to discredit a witness is limited by the sound discretion of the trial court to determine whether the inquiry will lead to specific instances of conduct which are "clearly probative

---

1. Evid.R. 608(B) provides:
   "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

of truthfulness or untruthfulness." *State v. Williams* (1981), 1 Ohio App.3d 156, 158, 1 OBR 467, 469, 440 N.E.2d 65, 67. Furthermore, the answers given in response to questions about specific instances of conduct on cross-examination must be accepted by the examiner with no further attempt to establish the conduct through extrinsic evidence. *State v. Gardner* (1979), 59 Ohio St.2d 14, 19, 13 O.O.3d 8, 10, 391 N.E.2d 337, 341.

We conclude that it was not an abuse of discretion for the trial court to limit appellant's cross-examination. There was no evidence proffered indicating that Rachael Davidson had actually made false allegations against her stepgrandfather to a third party. The proffered evidence simply indicates that Rachael Davidson found it unacceptable to live with her stepgrandfather because he had made sexual advances towards her. The only reference given the trial court that this conduct would be "clearly probative of untruthfulness" is the assertion made by appellant's counsel that "those are false allegations." Based upon the proffered testimony, it was not an abuse of discretion for the trial court to conclude that the conduct was not clearly probative of Rachael Davidson's truthfulness. Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and KLINE, JJ., concur.