John A. Kachovee appeals his convictions for aggravated burglary (R.C. 2911.(A)(1)), and two counts of Felonious Assault (R.C. 2903.11(A) (1) and R.C. 2903.11(A) (2))[1]. He assigns the following errors:
 I. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY ADMITTING A KNIFE INTO EVIDENCE."
 II. "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS OHIO CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO VIGOROUSLY CROSS-EXAMINE DAVID WETZEL."
 III. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY COMPELLING DEFENDANT TO APPEAR BEFORE A JURY IN HIS PRISON CLOTHES."
 IV. "THE TRIAL COURT'S DECISION SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO REQUEST A CONTINUANCE TO ALLOW DEFENDANT AN OPPORTUNITY TO CHANGE FROM PRISON CLOTHES TO STREET CLOTHES."
 V. "THE TRIAL COURT'S DECISION SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO DISCLOSE DEFENDANT'S PRIOR CRIMINAL RECORD ON DIRECT EXAMINATION."
 VI. "THE TRIAL COURT'S DECISION SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO DISCLOSE JOHN MORRISON'S PRIOR CRIMINAL RECORD ON DIRECT EXAMINATION."
 VII. "THE TRIAL COURT'S DECISION SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO CALL OR SUBPOENA A WITNESS WHO COULD VOUCH FOR DEFENDANT'S WHEREABOUTS AT THE TIME OF THE INCIDENT."
 VIII. "THE TRIAL COURT'S DECISION SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, TO WIT: COUNSEL FAILED TO REQUEST A CONTINUANCE EVEN THOUGH A KEY WITNESS FAILED TO APPEAR."
We start with a brief summary of the evidence. David Wetzel testified at appellant's trial that he was attacked in his home on September 13, 1997 at about 11:15 p.m. As he and Barbara Sowards were sleeping in his bedroom, a man entered and jumped across Sowards and on top of Wetzel. Sowards ran from the room. As Wetzel and this man struggled, Wetzel fell off the bed onto the floor. The man held him down and cut his throat.
In her statement to police, Sowards identified the appellant as the intruder because she recognized his voice. She did not see the attacker's face. At trial, she testified that "it sounded like John to me, but I couldn't swear to it." Although the bedroom was lit only by a black light, Wetzel positively identified appellant as his attacker. Appellant had lived in the house with Sowards, Wetzel and the other tenants until about three weeks earlier.
Karla Mosley, Amy Engle, and Tim Sperry testified that appellant arrived on foot at Mosley's residence that night at about 9:30 p.m. or 10:00 p.m. asking for a ride to Wetzel's house.
In the trunk of Hope Comer's car, police found a lock blade knife and a vest similar to the one Wetzel described his assailant as wearing. The nature of the relationship between Comer and appellant is sketchy, but one witness indicated that the appellant "was supposed to have been seeing Hope(.)" at the time.
Appellant testified that he was at the Southern Fever Lounge when Wetzel was attacked. Hope Comer apparently works at that bar. Appellant's witness, John Morrison testified that Wetzel told him that he did not know who had injured him, but that it had happened just outside of the Southern Fever Bar.
 I.
In his first assignment of error, appellant argues that the trial court erred in admitting into evidence the knife found in Comer's car. He asserts that the knife was not relevant because there was no basis for believing that the knife belonged to the defendant or that it was used in the crime. He also asserts the probative value of the knife was substantially outweighed by unfair prejudice.
Trial courts have broad discretion in the admission and exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173;State v. Reed (1996), 110 Ohio App.3d 749. Absent an abuse of this discretion, a reviewing court will not reverse a trial court's ruling on the admissibility of evidence. Id. An abuse of discretion is more than an error of judgment, it implies that the court's ruling is "unreasonable, arbitrary, or unconscionable." State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149 citing State v. Adams (1980), 62 Ohio St.2d 151,157. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728; In re Jane Doe1 (1991), 57 Ohio St.3d 135.
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added.) Evid.R. 401. The knife meets this minimal threshold. It was found in the car owned by appellant's purported girlfriend along with a vest similar to one worn by Wetzel's attacker. The knife matched the general description given by Wetzel. Surprisingly, the state never asked Wetzel to identify the "lock-blade" knife marked as Exhibit Three. Nonetheless, the threshold for admissibility is so low, that it was satisfied here. The trial court did not act unreasonably, arbitrarily or unconscionably in determining the knife was relevant, i.e., the admissible. Appellant was free to contend that the jury should give these items little weight because of the lack of direct evidence establishing a connection between them and him or the crime.
Next, we address appellant's argument that admission of the knife was contrary to Evid.R. 403. Evid.R. 403(A) provides that evidence is not admissible if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The rule manifests a definite bias for admissibility in stating:
 "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
Evid.R. 403 (emphasis added.)
Appellant argues that the knife's probative value is outweighed by the danger of unfair prejudice because the appellee failed to have "medical" testing done on the knife to establish that it was used in the attack. During his cross-examination of Sergeant Nichols, appellant's counsel confirmed that the knife was not scientifically tested. This fact does not result in unfair prejudice to the appellant. To the contrary, the lack of scientific testing could have worked to his advantage if, in fact, the knife was used by appellant in the attack. Moreover, there is nothing inherently prejudicial or inflammatory about the knife. Appellant's arguments in this regard are really another attack on the knife's relevancy. The trial court's decision to admit the knife into evidence was not arbitrary, unreasonable, or unconscionable. Thus, the trial court did not abuse its discretion in admitting the knife into evidence. We overrule appellant's first assignment of error.
 II.
In his third assignment of error[2], appellant argues that the trial court erred in compelling appellant to appear in his prison clothes during the jury trial. There is no evidence in the record that the appellant asked to change from his prison clothes or that the trial court compelled him to wear his prison clothes. We note that an affidavit signed by appellant addressing this issue is attached to appellant's brief. App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court * * *." Consequently, we cannot consider appellant's affidavit. App.R. 9; State v.Callihan (1992), 80 Ohio App.3d 184. Accordingly, we overrule his third assignment of error.
 III.
In his remaining assignments of error, appellant argues that he received ineffective assistance of counsel.[3] The proponent of an ineffective assistance of counsel claim must meet the two-part test of Strickland v. Washington (1984), 466 U.S. 668
to prevail. State v. Taylor (1997), 78 Ohio St.3d 15. First, it must be proven that the attorney made errors so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment to the U.S. Constitution. Strickland; Taylor;State v. Awkal (1996), 76 Ohio St.3d 324. In so proving, the proponent must show that counsel's representation fell below an objective standard of reasonableness. Strickland; Taylor.
Second, and analytically separate is whether the defense at trial was prejudiced by counsel's ineffectiveness. Strickland;State v. Ballew (1996), 76 Ohio St.3d 244. To show that a defendant has been prejudiced, the plaintiff must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. If one component of the Strickland test disposes of the ineffectiveness claim, it is not necessary to address both components. Strickland; Bradley.
 (A)
In his second assignment of error, appellant asserts that his trial counsel was ineffective because he failed to vigorously cross-examine the victim, David Wetzel, about his prior felony convictions and his identification of appellant. The question of whether to cross-examine a witness is a strategic decision firmly committed to the judgment of the trial counsel.State v. Otte (1995), 74 Ohio St.3d 555, 565. It follows that the decision on whether to cross-examine a witness on a particular issue should also rest within the judgment of trial counsel.
The record indicates that appellant's trial counsel cross-examined Wetzel about many issues, including his relationship to other witnesses and his statements to Morrison. Wetzel's prior felony convictions and the circumstances surrounding the attack were fully explained on appellee's direct examination. Revisiting Wetzel's identification may have served to emphasize his certainty that it was appellant who attacked him. Counsel's failure to belabor these points on cross-examination did not fall below an objective standard of reasonableness. We overrule his second assignment of error.
 (B)
In his fifth and sixth assignments of error, appellant argues that his counsel was ineffective because he failed on direct examination to disclose the prior criminal records of appellant and his witness, Morrison.
Appellant argues that but for his counsel's failure to disclose his record on direct, the jury would have believed his testimony that he was somewhere else when the attack took place. He asserts that the failure to disclose the prior criminal record of a witness on direct destroys the witness' credibility. We agree that it is customary practice for attorneys to disclose a witnesses' prior felony convictions on direct. However, we do not agree that the mere fact that opposing counsel questions a witness about his or her prior felony convictions on cross-examination, rather than it being brought out on direct examination, totally destroys the witness' credibility. In other words, the timing of this disclosure may affect credibility, but it does not solely determine it, as appellant argues. The fact of the conviction has a far greater impact than the timing of the disclosure. Thus, while it may be preferential for counsel to disclose a witnesses' prior felony convictions on direct examination, we are not convinced that the results of the trial would be different if he had done so. We overrule appellant's fifth and sixth assignments of error.
 (C).
In his fourth assignment of error, appellant argues that his trial counsel was ineffective because he failed to request a continuance to allow appellant to change out of his prison clothes. As we noted in our discussion of assignment of error three, there is no indication in the record that appellant wanted to change from his prison clothes or communicated any desire to change his clothes to his attorney. The Supreme Court of Ohio has addressed the issue of whether an appellate court can resolve an ineffective assistance of counsel claim which relies upon facts not in the record. While answering that question in the negative the court reasoned:
 "[I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21."
State v. Cooperrider (1983), 4 Ohio St.3d 226, 228.
Since appellant bases his ineffective assistance of counsel argument on facts not appearing in the record, we cannot reach the merits of his assignment of error and thus overrule it.
In his seventh assignment of error, appellant argues that his trial counsel was ineffective because he failed to investigate appellant's alibi and find witnesses to testify that he was at the Southern Fever Bar when Wetzel was attacked. Appellant does not specifically identify any witness who could bolster his alibi. More importantly, this argument is also based on facts not appearing in the record. See State v. Smith (1985), 17 Ohio St.3d 98. Thus, we cannot reach the merits of this argument and overrule appellant's seventh assignment of error.
In his eighth assignment of error, appellant argues that his trial counsel was ineffective in failing to request a continuance when a key witness failed to appear. This argument is also based on facts not appearing in the record,i.e., substance of the missing witness's testimony. Thus, we cannot reach the merits of this argument and overrule appellant's eighth assignment of error.
 IV.
In sum, we have overruled all of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The trial court found the two felonious assault convictions to be allied offenses of similar import and sentenced him on a violation of 2903.11(A)(1) only.
[2] We consider appellant's assignments of error out of order for clarity's sake.
[3] Appellant is represented by different counsel on appeal.