Carolyn S. Wardlow appeals her conviction for Menacing, a violation of R.C. 2903.22, and assigns the following errors:
 "[I.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT UNDER R.C. 2917.11(A)(1) AFTER RECEIVING WRITTEN REQUEST FOR SUCH INSTRUCTION.
 [II.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN TAKING JUDICIAL NOTICE OF THE LEGALITY OF THE PARTITION FENCE ASSIGNMENT. THE TAKING OF JUDICIAL NOTICE DEPRIVED THE DEFENDANT OF HER RIGHT TO CONFRONT WITNESSES SECURED TO HER UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 10, OF THE CONSTITUTION OF THE STATE OF OHIO. THE COURT'S ACTION FURTHER DEPRIVED HER OF DUE PROCESS OF LAW.
 [III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN PROHIBITING CROSS EXAMINATION OF STATE'S WITNESSES WITH REGARD TO THE LAWFULNESS OF THE PARTITION FENCE ASSIGNMENT. THIS ACTION ON THE PART OF THE TRIAL COURT DENIED TO THE DEFENDANT HER RIGHT TO CONFRONT WITNESSES UNDER ARTICLE 1, SECTION 10, OF THE CONSTITUTION OF OHIO AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
Appellant was charged with four counts of Aggravated Menacing in conjunction with an ongoing dispute over whether appellant's neighbor, John Fawley, could build a fence along the boundary line dividing their properties. Apparently, the township trustees had approved Fawley's plan to build the fence, but appellant was still opposed to it. On the morning of September 24, 1997, appellant approached a group of men who were attempting to clear an area so that a fence could be erected. Fawley and two township trustees, Arthur Harless and Larry Shannon, were standing on a public road while Mark Maxwell and his brother were preparing the property for the fence. Appellant approached Fawley, Harless, and Shannon with a nine-millimeter semi-automatic pistol at her side. She told them to remove the bulldozers from her property. When they did not immediately do so, the men claim, she raised the gun, pointed it at them and again told them to get the bulldozers off of her property. Maxwell shut off his bulldozer and signaled to his brother to do the same. He then asked appellant whether they could move the bulldozers into a field owned by Fawley. She agreed and left. Appellant was arrested a short time later at her home.
All four charges were consolidated for trial. The court granted a Crim.R. 29 acquittal on one charge and the jury was unable to reach a verdict on the remaining charges. The court conducted a second trial on the remaining three counts and this time, the jury found appellant guilty of two counts of menacing, but acquitted her on the remaining count.
In her first assignment of error, appellant argues that the trial court erred by refusing to instruct the jury on the purportedly lesser included offense of disorderly conduct. We first determine whether appellant has preserved this issue for appeal. Crim.R. 30(A) provides:
 "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
There is nothing in the record to support appellant's contention that she orally requested the disorderly conduct instruction or that she submitted the proposed instructions in writing to the trial court. The trial transcript indicates that the court conducted a conference with the parties to discuss jury instructions; however, the conference was not transcribed and no attempt has been made to use App.R. 9 to reconstruct it. See, specifically, App.R. 9(E). App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently, we cannot consider the document attached to appellant's brief entitled "Proposed Instruction" because it is not an original paper or an exhibit filed in the trial court. See State v. Callihan (1992), 80 Ohio App.3d 184,197. Nor has the record been corrected or modified under App.R. 9(E) to include the "Proposed Instruction".
It is appellant's responsibility to provide us with a record that is adequate to support any claimed errors. Universal Bankv. McCafferty (1993), 88 Ohio App.3d 556. When appellant does not supply an adequate record, we must affirm the trial court's decision. Volodkevich v. Volodkevich (1979) 48 Ohio App.3d 313. Since there is no evidence that appellant has preserved this issue for appeal, we decline to address it. See, State v.Tyler (1990), 50 Ohio St.3d 24; State v. Bigler (Oct. 3, 1996), Washington App. No. 95CA36, unreported. We overrule her first assignment of error.
In her second and third assignments of error, appellant argues that the trial court erred in taking judicial notice of and preventing her from disputing the legality of the Township's decision to allow Fawley to erect the fence. Appellant asserts that she was prejudiced because she was prevented from establishing an evidentiary basis for her defense that she acted lawfully in ejecting trespassers from her property.
There is no indication in the record that the trial court took judicial notice of any fact throughout the trial. While the trial court's instruction to the jury could have been better phrased, its effect was to direct the jury to disregard the propriety of the proceedings before the township trustees; accordingly, it prevented both parties from discussing its merits. Thus, the trial court did not take judicial notice of the legality of the township proceedings about the property dispute. Instead, it deemed questions concerning the regularity of the trustees' proceeding irrelevant and did not allow either party to introduce evidence concerning it.
Trial courts have broad discretion in the admission and exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173;State v. Reed (1996), 110 Ohio App.3d 749. We will not reverse a trial court's ruling on the admissibility of evidence absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, it implies that the court's ruling is "unreasonable, arbitrary, or unconscionable." State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149 citing State v.Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. State exrel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728; In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
Irrelevant evidence is inadmissible. Evid.R. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of theaction more probable or less probable than it would be without the evidence." Evid.R. 401, emphasis added. The propriety of the township's proceedings are irrelevant to the determination of the charges against appellant and the defense that she asserted. While the fact that such a dispute existed is arguably relevant, the legality of the trustees' proceedings is not.
Assuming arguendo that there was no legal basis for the erection of the fence and the men were "trespassers," appellant was not entitled to use a threat of serious bodily harm, i.e., pointing a gun at the men, unless she was reasonably in fear of serious bodily harm or in fear for her life. See State v.Childers (1938) 133 Ohio St. 508, 516, State v. Schachner (Feb. 6, 1998), Lucas App. No. L-97-1088, unreported, State v. Manuel
(Nov. 7, 1983), Miami App. No. 82-CA-47, unreported. There was no evidence that the men threatened appellant or that she was in fear at all when she pointed the gun at the men. To the contrary, the evidence showed that appellant, while in her own home, noticed the men and approached them instead of calling the sheriff. Establishing that the trustees' proceedings were improper, and thereby removing any privilege the victims had to be on appellant's property, does not establish a viable defense to threatening them with a gun. In the absence of any proof that appellant was in fear of serious bodily harm as a result of their presence on her property, she simply had no right to threaten the victims with a gun regardless of their status. Stated another way, there is no conceivable nexus between the propriety of fence apportionment proceedings and the right to threaten the use of a weapon.
Appellant also contends that this evidentiary ruling prevented her "from establishing an evidentiary basis for her second proposed (jury) instruction." At trial, appellant's defense focused on two main points: (1) that she did not point the gun at the victims or threaten them in any way and (2) that she was justified in carrying the firearm at her side in order to eject the men because they were trespassers. The men's status as trespassers is irrelevant to the first defense' which simply disputes the victims' assertions that she pointed the gun at them. The efficacy of this defense turns not on the men's status, but rather upon whom the jury found to be more credible.
Had appellant requested a jury instruction that a landowner has a right to carry a firearm when confronting a trespasser, the trial court should have granted a properly worded request. See, Manuel, supra (landowner may use such means that are reasonably necessary under the circumstances to repel a trespasser from his property).[1] Omission of this instruction is not plain error so as to excuse appellant's failure to request it.
The record reveals that the appellee put forth credible evidence that appellant did point the firearm at the victims. In order to justify her use or threat of use of a firearm against the victims, appellant had to prove that it was reasonably necessary under the circumstances to prevent great bodily harm or to protect life. State v. Childers (1938),133 Ohio St. 508, 516; State v. Schachner (Feb. 6, 1998), Lucas App. No. L-97-1088, unreported, Manuel, supra. There was no evidence admitted at trial that appellant was in fear of anything at the time she confronted the victims. The court's ruling may have prevented appellant from establishing the victims' status, but it did not restrict an inquiry into their conduct once appellant had confronted them. While mere possession of the weapon was not illegal, appellant could not brandish it without establishing some conduct on the part of the victims that reasonably placed her in fear of serious harm. She did not attempt to produce any evidence at all on this issue. Accordingly, we overrule appellant's second and third assignments of error.
Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HASBEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Appellant's "proposed instructions" attached to her brief contain this instruction. For the reasons stated in our discussion of her first assignment of error, we can not consider that document. There being no indication in the record that appellant requested the instruction, we must assume she did not and thus can not assert a failure to give the instruction as error. Crim.R. 30.