JOURNAL ENTRY AND OPINION
This is an appeal based upon the denial of a pro se petition to vacate sentence filed by defendant-appellant Leroy Nero ("appellant"). The substance of that petition is a claim of ineffective assistance of counsel due to the alleged failure of his counsel to procure the attendance of a defense witness for his testimony at trial.
On September 24, 1982, the Cuyahoga County Grand Jury indicted appellant for aggravated murder in violation of R.C. 2903.01 and aggravated robbery in violation of R.C. 2911.01. Following a jury trial, on December 13, 1982, appellant was convicted on both counts and sentenced on January 13, 1983, to a term of life imprisonment for aggravated murder and a term of imprisonment of four to twenty-five years for aggravated robbery.
The appellant filed his petition to vacate on September 27, 2000, which the trial court denied on October 18, 2000, prior to the filing of the State's motion to dismiss, presumably because the petition was untimely. The State then filed its motion to dismiss the petition for post conviction relief on November 20, 2000. The trial court filed its findings of fact and conclusions of law on June 8, 2001. The appellant then filed this appeal of the denial of his petition.
Although the appellant failed to set forth distinct assignments of error for this court's review, we determine that the assigned errors on appeal are paraphrased as follows:
 THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S PETITION TO VACATE SENTENCE AS UNTIMELY WHERE THE APPELLANT'S TRIAL TRANSCRIPT WAS LOST IN A FIRE AND HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING FACTS.[1]
 THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT'S PETITION TO VACATE SENTENCE ON THE BASIS OF INEFFECTIVE COUNSEL WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
We review the trial court's decision for an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140. An abuse of discretion implies that the court's ruling was unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 404 N.E.2d 144. To find an abuse of discretion, this court must find that the trial court committed more than an error of judgment. State v. Reed (1996), 110 Ohio App.3d 749, 752,675 N.E.2d 77 citing to State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343.
The legislature has set forth the time for filing a petition for post conviction relief in R.C. 2953.21 as follows:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
As appellant was sentenced prior to September 21, 1995, the effective date of Am.Sub.S.B. No. 4., which amended R.C. 2953.21, Section 3, Am.Sub.S.B. No. 4, is controlling and provides as follows:
 A person who seeks post-conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act,
whichever is later.
The appellant does not deny that he failed to file his petition within any of the above prescribed time periods, but argues instead that he has met the criteria set forth in R.C. 2953.23(A), which would permit the petition to be otherwise reviewed, although untimely. The appellant argues that he was unavoidably prevented from discovering facts due to the destruction of his records in the justice center fire,[2] meeting the exception stated in R.C. 2953.23(A)(1)(a) which provides as follows:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
* * *
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
First we determine whether the appellant has met R.C. 2953.23(A)(1)(a). Where the transcript is unavailable, as in the instant case, the "appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). Appellant has not provided such a statement. This court has stated as follows:
 In the absence of a record the proceedings at trial are presumed correct. State v. Brown (1988), 38 Ohio St.3d 305 (Evidence missing from record but no mention of any attempt to comply with App.R. 9(C), (D) or (E).) The burden is on an appellant to demonstrate alleged error and provide the appellate court with the essential transcript. Knapp v. Laboratories (1980), 61 Ohio St.2d 197. If a transcript is `unavailable' an appellant has an obligation to provide a complete record pursuant to App. R. 9(C), (D) or (E).
State v. Newell (Dec. 6. 1990) Cuyahoga App. Nos. 56801, 601128, unreported.
This court has also held that pursuant to App.R. 9(C), defendants have the opportunity to place anything in the record which would be helpful to effectuate their appeal. The accidental destruction of appellant's trial transcript does not mean that he was denied a full and fair appeal. Statev. Griffin (May 9, 1991), Cuyahoga App. No. 57673, unreported. See Statev. Grant (Oct. 4, 1990), Cuyahoga App. No. 57537, unreported at 11. See also State v. Vidmar (Nov. 21, 1990), Cuyahoga App. No. 56143, unreported at 5. State v. Richards, Jr. (Nov. 1, 1990), Cuyahoga App. No. 57664, unreported at 5.
Unlike the above cases, the appellant has not provided this court with a statement of the trial proceedings pursuant to App.R. 9(C). Therefore, we find that although the appellant's trial transcript may be unavailable, he did not attempt to recreate the evidence or prepare a statement of the evidence for this court. We also note that the appellant did not raise the issue of the unavailability of the transcript with the trial court or claim that he was unable to discover facts necessary to present his claim.
The trial court held in its conclusions of law that the appellant "failed to set forth operative facts demonstrating that * * * he was unavoidably prevented from discovering the facts upon which he relies in the petition * * *" We find that the appellant has failed to carry his burden of proof that he was unavoidably prevented from discovering facts upon which he must rely to present his claim.[3]
Further, the appellant's basis for post-conviction relief is based upon the alleged failure of his trial counsel to call a certain witness to testify. This same witness has apparently provided the appellant with an affidavit of his presumed testimony in support of the appellant's petition to vacate. Therefore, it is clear that appellant is relying on evidence found outside the record, and which it is not necessary for him to recreate from the trial transcript. On this basis, the appellant was not unavoidably prevented from the discovery of facts which prohibited a timely filing of his petition.
We do not reach the question of whether the appellant met the requirement of R.C. 2953.23(A)(2) to show by clear and convincing evidence that, but for a constitutional error at trial, no reasonable fact finder would have found him guilty, as he failed to meet the first requirement of R.C. 2953.23(A)(1). The appellant's first assignment of error is not well taken.
Having determined that appellant's petition was untimely filed and that he does meet the exception found in 2953.23, we need not address the appellant's second assignment of error.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., AND JAMES J. SWEENEY, J., CONCUR.
[1] Based upon his brief, the appellant is apparently arguing that his trial transcript was destroyed in the Justice Center fire which occurred on December 27, 1988.
[2] We note that appellant has filed several prior appeals which included the filing of the record. Appellant filed a direct appeal of his conviction on February 10, 1983 and filed the record on November 23, 1983. That appeal was subsequently dismissed sua sponte on December 9, 1983 for failure to comply with App.R. 3(A) and 10(A) and Local Rule 4(E). Appellant's motion for leave to file a delayed appeal was overruled on June 10, 1987. Thereafter appellant filed a motion for delayed appeal on May 4, 1988 and the record was again filed on May 24, 1988. This appeal was voluntarily dismissed on June 6, 1995, as the trial transcript was unavailable. Furthermore, appellant has not provided this court with any proof that his transcript may have been destroyed in the courthouse fire.
[3] Although the appellant has known since July, 1997 that his trial transcript was unavailable and possibly destroyed in the courthouse fire, he waited until September 27, 2000, to file his petition for post-conviction relief.