While I agree with the majority that the trial court had subject matter jurisdiction of this case, although not the reasoning by which it arrived at this determination, I respectfully disagree with the majority's finding that the court lacked personal jurisdiction over EuroCargo.
In order to defeat the motion to dismiss based upon lack of personal jurisdiction, Escada need only set forth a prima facie case of personal jurisdiction and this court does not weigh the controverting assertions of the parties. Compuserve, Inc., supra. It is clear that Escada set forth a prima facie showing of personal jurisdiction. Ohio's long arm statute confers personal jurisdiction over those persons who transact any business within this state or those who cause tortious injury in Ohio by an act outside Ohio where that person regularly does or solicits business in Ohio. Civ.R. 4.3(A)(1) and (4); R.C. 2307.382(A)(1) and (4). I would find that EuroCargo had sufficient contacts with this state for the trial court to exercise personal jurisdiction over it without offending traditional notions of fair play and substantial justice. Compuserve, Inc., supra.
EuroCargo purposefully availed itself of the privilege of acting in Ohio. EuroCargo and Escada have engaged in numerous business transactions and contracts, aside from the contract which resulted in this litigation, which support a finding of personal jurisdiction.
EuroCargo's actions satisfy the requirement of transacting any business in this state. Civ.R. 4.3(A)(1) and (4); R.C. 2307.382(A)(1) and (4). EuroCargo negotiated and entered into the contract with Escada in Ohio and the parties contemplated a continuing relationship as evidenced by their past business dealings. Pharmed Corp. v. Biologics, Inc. (1994),97 Ohio App.3d 477; Burger King, supra. I would find that Escada satisfied its burden of setting forth a prima facie case of personal jurisdiction and that the trial court properly denied EuroCargo's motion to dismiss.
As I find that the trial court had personal jurisdiction over EuroCargo, I will address EuroCargo's second, third and fourth assignments of error. EuroCargo contends that the trial court abused its discretion when it granted default judgment against EuroCargo for its willful violations of the discovery rules. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion implies that the trial court's ruling was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144. To find an abuse of discretion, the appellate court must find that the trial court committed more than an error of judgment. State v. Reed (1996), 110 Ohio App.3d 749, 752, 675 N.E.2d 77, citing to State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343.
I do not find that the trial court abused its discretion. The trial court is authorized to impose sanctions in the form of default judgment for the failure to comply with the court's order compelling discovery. Civ.R. 37(B)(2)(c). See Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46. The trial court found that EuroCargo willfully failed to submit ordered discovery based upon two motions to compel discovery and utterly disregarded the court's authority and rulings. EuroCargo failed to attend depositions, answer discovery requests, comply with the court's orders and four conferences were necessary to order it to comply with the discovery rules.
In its third assignment of error, EuroCargo contends that Escada's complaint failed to state a claim for fraud because it failed to comply with Civ.R. 9(b) and allege the fraudulent actions with particularity. However, I find that the complaint sufficiently sets forth the claim of fraud and that the trial court did not err when it overruled EuroCargo's motion to dismiss the complaint on this basis. In its complaint, Escada averred that EuroCargo made false and fraudulent material representations to Escada, to wit, that EuroCargo guaranteed the shipment would be timely delivered, pursuant to the specified rates. Escada averred that EuroCargo made the misrepresentations knowing the Escada would rely on them to its detriment by submitting the cargo prepaid. EuroCargo was sufficiently apprised of the claim against it in order to formulate its answer. See Hadden View Inv. Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154,158-159; Grice v. Marks, (Oct. 25, 2001), Cuyahoga App. No. 79295.
Next, EuroCargo argues that the trial court granted excessive attorney fees to Escada. The fees were awarded after a full court hearing including expert testimony as to the reasonableness of the attorney fees and services provided. There is no evidence that the trial court abused its discretion or acted in an unreasonable, arbitrary or unconscionable manner.
Accordingly, I would affirm the judgment of the trial court and overrule EuroCargo's assignments of error.