DECISION AND JUDGMENT ENTRY
{¶ 1} Sheila Hardy appeals the judgment of the Gallia County Common Pleas Court, which she contends abused its discretion by excluding expert testimony concerning the "negligence" of Dr. Mize and Dr. Munro. We conclude the trial court erred when it excluded this evidence as the appellees were not prejudiced by the untimely disclosure. Because the erroneous exclusion of her experts' testimony prejudiced Ms. Hardy, we remand this cause for a new trial.
 {¶ 2} On three separate occasions in June 1993, Wendy Borden went to Holzer Medical Center's emergency room because she was having trouble breathing. On each visit, Dr. Newbold treated Ms. Borden. During two of the visits, Dr. Newbold ordered an electrocardiogram (EKG). However, Dr. Newbold was unable to determine what was wrong with Ms. Borden. On each occasion, Dr. Newbold discharged Ms. Borden, advising her to follow up with her doctor. Six weeks after her last visit, Ms. Borden collapsed while at home. She was rushed to the emergency room but attempts to resuscitate her were unsuccessful.
 {¶ 3} Ms. Hardy originally filed this case in January 1995. In September 1997, she voluntarily dismissed the case. Ms Hardy refiled the case in August 1998. Apparently, the complaints in the two cases are nearly identical. The refiled complaint named Dr. Newbold, Holzer Medical Center and Holzer Clinic, Inc., Dr. Newbold's employer, and three John Doe Physicians. In the complaint, Ms. Hardy alleged medical malpractice, wrongful death, and loss of consortium arising out of the medical care and treatment Ms. Borden received at Holzer Medical Center.
 {¶ 4} Following the refiling of the complaint, discovery ensued. Appellees served Ms. Hardy with interrogatories asking for, among other things, the identity of the experts she intended to call at trial as well as the subject matter of the experts' testimony. In February 1999, Ms. Hardy sent a copy of her answers to the interrogatories from the original case and indicated that the prior responses contained the requested information. In those interrogatories, Ms. Hardy stated that she would provide appellees with a list of expert witnesses in a timely manner. She also indicated that the subject matter of her experts' testimony would be provided in a timely manner.
 {¶ 5} In May 1999, appellee, Holzer Medical Center, filed a motion to compel, asking the court to order Ms. Hardy to supply answers to the new interrogatories. The parties resolved the motion by agreement and the court established discovery deadlines. In October 1999, in accordance with the discovery deadlines, Ms. Hardy filed a document disclosing her expert witnesses. In January 2000, Ms. Hardy responded to appellees' interrogatories. In response to Holzer Medical Center's inquiries concerning Ms. Hardy's experts, Ms. Hardy responded that one was an expert in the field of emergency medicine and the other an expert in the field of cardiology. She went on to state that both experts would testify as to "liability and proximate cause in this case." When responding to inquiries regarding the subject matter and opinions of her experts, Ms. Hardy responded that the question "calls for a narrative answer and will be addressed by Plaintiff's experts who will testify in the case."
 {¶ 6} In late April and early May 2001, appellees deposed Ms. Hardy's expert witnesses, Dr. Vincent and Dr. Crea. According to appellees, it was at these depositions that they first learned that Ms. Hardy's experts were also critical of Dr. Mize and Dr. Munro, employees of Holzer Clinic, Inc. Dr. Mize is the cardiologist that subsequently reviewed Ms. Borden's EKG from June 17, 1993. Dr. Munro is the emergency room doctor that attempted to resuscitate Ms. Borden on the day she died. At the time appellees took the depositions of Ms. Hardy's experts, the court had scheduled a trial date of June 4, 2001. However, in late May 2001, the court continued the trial date due to the retirement of the presiding judge. On June 13, 2001, the parties attended a scheduling conference with the newly appointed judge. At that conference, the court granted appellees leave to file a motion relating to the pleadings. In August 2001, appellees filed a motion in limine, asking the court to exclude testimony relating to the alleged negligence of Dr. Mize and Dr. Munro. In the meantime, on June 21, 2001, the court issued a journal entry establishing a trial date of November 13, 2001, or, in the event of a scheduling conflict, December 10, 2001.
 {¶ 7} In October 2001, the court held a hearing on appellees' motion in limine. On October 16, 2001, the court issued an entry granting appellees' motion and excluding expert testimony relating to the conduct of Dr. Mize and Dr. Munro. In December 2001, the case went to trial and the jury returned a verdict in favor of Dr. Newbold, Holzer Medical Center, and Holzer Clinic, Inc. After the court filed a journal entry evidencing the jury's verdict,[1] Ms. Hardy appealed and raises the following assignment of error: "The trial court erred to the substantial prejudice of plaintiffs-appellants in excluding evidence that either Dr. Mize or Dr. Munro, both of whom are employees of the defendant-appellee Holzer Clinic, Inc., and the defendant-appellee Holzer Medical Center, were negligent in their care and treatment of the plaintiff-appellant's decedent, Wendy Ann Borden, directly and proximately resulting in injuries to, and the wrongful death of, Wendy Ann Borden, deceased."
 {¶ 8} Before considering the merits, we must address an issue raised by appellees, who contend Ms. Hardy waived this argument for purposes of appeal because she failed to proffer the excluded evidence during the trial. We disagree.
 {¶ 9} Prior to trial, appellees filed a motion in limine seeking to exclude expert testimony relating to the conduct of Dr. Mize and Dr. Munro. The trial court granted appellees' motion. During trial, Ms. Hardy renewed her request to present expert testimony relating to Dr. Mize and Dr. Munro. In conformity with its earlier ruling, the trial court denied that request. After the trial court denied her request, Ms. Hardy failed to proffer the substance of the excluded evidence.[2]
 {¶ 10} Generally, the failure to proffer the excluded evidence at trial results in waiver of that issue for purposes of appeal. See Statev. Grubb (1986), 28 Ohio St.3d 199, 203, 503 N.E.2d 142. A ruling on a motion in limine is a tentative, interlocutory, precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial.Grubb at 201, quoting with approval from Palmer, Ohio Rules of Evidence, Rules Manual (1984). A trial court's ruling on a motion in limine does not preserve the issue for appeal. Grubb at 203, quoting with approval from Palmer, Ohio Rules of Evidence, Rules Manual (1984). It is incumbent upon the party seeking to introduce the evidence, and who had been temporarily precluded from doing so, to proffer the evidence at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. Grubb at paragraph two of the syllabus.
 {¶ 11} However, appellees' motion in limine did not seek a tentative, preliminary ruling on an evidentiary issue that the trial court would reconsider once the full context for the issue had been developed at trial. Rather appellees' motion in limine sought a final court order excluding expert testimony based on Ms. Hardy's discovery conduct prior to trial. In such cases, a proffer may not be necessary to preserve the issue for appeal. See Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 482 N.E.2d 1248, fn. 5; Cheek v. Granger Trucking
(Nov. 1, 2001), Cuyahoga App. No. 78805. Because the trial court's order excluded testimony relating to Dr. Mize and Dr. Munro on the basis of Ms. Hardy's discovery conduct prior to trial, not for evidentiary reasons, it resembles a protective order. See Cheek, supra. In Laubscherv. Branthoover (1991), 68 Ohio App.3d 375, 383, 588 N.E.2d 290, the Eleventh District Court of Appeals discussed the difference between a protective order and a motion in limine. Discussing protective orders, the court stated: "[U]nlike a motion in limine, a protective order is a permanent remedial sanction which does not involve evidentiary issues. Therefore an objection or proffer is unnecessary, as the context of the issuance is not something "to be developed at trial." Any claimed error involving the sanctions imposed by a protective order excluding the prospective testimony of the witnesses will not be concerned with the testimony itself, but with the conduct of the parties prior to the order's issuance. Accordingly, there is nothing for an objection or proffer to preserve."
Id. (Emphasis in original.) Here appellees' motion sought a final court order rather than a tentative, preliminary ruling. The basis for the motion was discovery violations, not evidentiary reasons. Thus, we conclude that Ms. Hardy did not need to proffer the evidence at trial to preserve the issue for appeal. See Cheeks, supra. Therefore, we will address Ms. Hardy's assignment of error.
 {¶ 12} Trial courts have broad discretion in the admission and exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, paragraph two of the syllabus; State v. Reed (1996),110 Ohio App.3d 749, 752, 675 N.E.2d 77. Absent an abuse of discretion, a reviewing court will not reverse a trial court's ruling concerning the admissibility of evidence. Sage, supra. An abuse of discretion consists of more than error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v.Lessin, 67 Ohio St.3d 487, 494, 1993-Ohio-52, 620 N.E.2d 72. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E. 1301.
 {¶ 13} In their motions in limine, appellees advanced three reasons for excluding the testimony of Ms. Hardy's experts. First, they argued that Ms. Hardy failed to amend her complaint to name Dr. Mize and Dr. Munro as defendants. Second, they argued that Ms. Hardy's complaint did not provide fair notice as to the nature of its action against Holzer Clinic, Inc. Finally, appellees argued that Ms. Hardy failed to comply with Civ.R. 26(E)(1)(b), which requires a party to supplement his or her discovery responses concerning "the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify."
 {¶ 14} The court, considering the three branches collectively, decided to grant appellees' motion and exclude the expert testimony. The court concluded that Ms. Hardy had a duty to timely disclose the subject matter of her experts' testimony, which she failed to do. The court apparently considered this noncompliance with the duty to supplement the interrogatories to be willful. The court noted that appellees did not become aware of the criticisms against Dr. Mize and Dr. Munro and any possible claims against the clinic based on their conduct until "some few weeks prior to the scheduled trial" of June 4, 2001. The court also noted that in her complaint, Ms. Hardy indicated that she would amend the complaint to reflect the identity of the John Doe defendants once she ascertained their true names. However, the court found that she did not amend the complaint after learning the identity of the John Doe defendants. In part, the court found that because the complaint did not name Dr. Mize and Dr. Munro as defendants and Ms. Hardy failed to indicate that her experts would testify regarding Dr. Mize and Dr. Munro, the clinic had no notice of the possible claims against it based on the conduct of Dr. Mize and Dr. Munro until it took Ms. Hardy's experts' depositions, which occurred only a few weeks before the scheduled trial date of June 4, 2001.
 {¶ 15} The exclusion of evidence is a severe sanction. Mulford v.Columbus S. Ohio Elec. Co. (Jan. 12, 1994), Athens App. No. CA-1548. See also, Nickey v. Brown (1982), 7 Ohio App.3d 32, 34,454 N.E.2d 177. Because it is a severe sanction, the exclusion of expert testimony should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise. Mulford. In Huffmanv. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 85, 482 N.E.2d 1248, the Supreme Court of Ohio stated: "The existence and effect of prejudice resulting from noncompliance with the disclosure rules is of primary concern, not just the intent or motive involved."
 {¶ 16} While it appears that the trial court may have found willful noncompliance with Civ.R. 26(E)(1)(b), it also appears that the trial court based its exclusion of the testimony primarily on the unfair surprise that resulted from Ms. Hardy's failure to inform the appellees of her experts' criticisms of Dr. Mize and Dr. Munro prior to the experts' depositions. Throughout its journal entry, the trial court makes repeated reference to the fact that appellees did not learn of the experts' criticisms concerning Dr. Mize and Dr. Munro until a few weeks prior to the scheduled trial date of June 4, 2001. Moreover, in its journal entry, the trial court states: "This Court is of the opinion, when considering all branches of said Motion collectively and not as individual branches and when considering that Plaintiff's Complaint stated that she would file an amended Complaint naming the John Doe Defendants when they became known and then didn't; that Plaintiff's response to interrogatories were filed some sixteen months after requested and when filed were less than responsive as to subject matter, thus stating that such would not be disclosed until their depositions were taken, and in conjunction therewith no supplements were made to the response to interrogatories regarding criticism of Drs. Mize and Munro resulting in possible claims against Holzer Clinic, Inc., and the fact that such criticisms of said doctors and possible claims against Holzer Clinic, Inc., were not communicated or made known to Defendants until some few weeks prior to the scheduled trial date, that Defendants' Motion In Limine should be granted."
 {¶ 17} One of the purposes of the Rules of Civil Procedure is to avoid surprise at trial. Huffman, supra. This is accomplished by way of a discovery procedure that mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries. Id.
 {¶ 18} In its journal entry, the trial court relied on the originally scheduled trial date in considering whether appellees suffered unfair surprise. However, whether appellees suffered unfair surprise should be evaluated in light of the actual trial date, not the originally scheduled trial date. It is true that when appellees learned of the experts' criticisms of Dr. Mize and Dr. Murno the trial was scheduled to begin on June 4, 2001. However, later that same month the trial court continued that trial date, and in late June 2001, the trial court scheduled a trial date of November 13, 2001, or December 10, 2001. Thus, while appellees did not learn of the experts' criticisms regarding Dr. Mize and Dr. Munro until a few weeks before the originally scheduled trial date, they knew of the criticisms at least five months before the actual trial date. Five months provided ample time for appellees to follow-up on the experts' criticisms of Dr. Mize and Dr. Munro.
 {¶ 19} We note that we in no way condone Ms. Hardy's actions. There is no excuse for her failure to reveal the identity of non-defendant doctors whose actions serve as the basis for her claim of respondeat superior. However, we cannot say that appellees suffered unfair surprise when they learned of the experts' criticisms of Dr. Mize and Dr. Munro five months before the actual trial date. Thus, we conclude the trial court abused its discretion when it excluded expert testimony relating to the alleged negligence of Dr. Mize and Dr. Munro. Our analysis, however, does not end here.
 {¶ 20} An error in the exclusion of evidence is not grounds for reversal unless the error affects substantial rights of the appellant or appears to be inconsistent with substantial justice. Civ.R. 61; O'Brienv. Angley (1980), 63 Ohio St.2d 159, 164, 407 N.E.2d 490. To determine if substantial justice has been done to an appellant, the reviewing court must not only weigh the prejudicial effect of the error but also determine whether the trier of fact would have reached the same decision had the error not occurred. Hallworth v. Republic Steel Corp. (1950),153 Ohio St. 349, 91 N.E.2d 690, paragraph three of the syllabus.
 {¶ 21} By excluding expert testimony relating to the alleged negligence of Dr. Mize and Dr. Munro, the trial court denied Ms. Hardy the opportunity to present an alternate theory of liability on the part of Holzer Medical Center and Holzer Clinic, Inc. Therefore, we conclude the admission of the evidence would not have affected the trial's outcome with respect to Dr. Newbold or appellees', Holzer Clinic, Inc. and Holzer Medical Center, liability for the actions of Dr. Newbold. However, had the expert testimony been admitted, it is possible the trier of fact may have reached a different conclusion regarding appellees', Holzer Medical Center and Holzer Clinic, Inc., liability for the alleged negligence of Dr. Mize and/or Dr. Munro. Thus, we conclude that substantial justice has not been done. Accordingly, Ms. Hardy's assignment of error has merit. We reverse and remand this cause for a new trial.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J Kline, J.: Concur in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only with attached Concurring Opinion.
[1] Prior to trial, Ms. Hardy filed a motion to amend her complaint to include a claim for spoliation of evidence. The court granted the motion but bifurcated the claims so that trial on the original claim could proceed as scheduled. Subsequently, Ms. Hardy voluntarily dismissed her claim for spoliation of evidence and in July 2002, the trial court entered a final journal entry in this case.
[2] Ms. Hardy argues that the experts' discovery depositions contained their criticisms of Dr. Mize and Dr. Munro. However, Ms. Hardy failed to proffer those depositions at trial.