The STATE of Ohio, Appellee,

v.

GOINES, Appellant.

[Cite as *State v. Goines* (1996), 111 Ohio App.3d 840.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69534.

Decided June 24, 1996.

**842**

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Richard Wise,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Jean M. Gallagher,* Assistant Public Defender, for appellant.

---

SPELLACY, Chief Justice.

Defendant-appellant Robert Goines appeals his conviction for breaking and entering in violation of R.C. 2911.13 and vandalism in violation of R.C. 2909.05.

Appellant assigns the following errors for review:

"I.   Mr. Goines' rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated and he was improperly denied a Crim.R. 29 acquittal when his convictions were not supported by sufficient evidence.

"II.   Prejudicial error was committed by the admission of other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and Mr. Goines' rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

"III.   The misconduct of the prosecutor violated Mr. Goines' rights to a fair trial guaranteed by the due process provisions of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

"IV.   Mr. Goines was denied his rights to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and [Fourteenth] Amendments to the United States Constitution when his attorney failed to object to inadmissible other acts and prosecutorial misconduct."

Finding the appeal to have merit, we reverse the judgment of the trial court.

## I

In late November 1994, appellant rented an apartment located on West 90th Street in Cleveland. He resided there with his cousin Brandy Farris, her boyfriend Robert Cameron, their infant, and two dogs. Rent was paid for December. No other rent payments were made. There is a dispute over the condition of the apartment at the time appellant took up residence. Appellant and Cameron testified that the downstairs door leading outside and the apartment door at the top of the steps were broken and could not be secured. The apartment was not well heated, causing them to purchase portable heaters.

Landlords Clark and Roger Forster testified that the property was in good condition before appellant moved into it. A new furnace recently had been installed. Downstairs tenant Tracey Skobel testified that she was familiar with the apartment because she had been friends with the previous tenant. The apartment had been well maintained.

The Forsters soon received complaints from neighbors about noise and parties. The Forsters decided to evict appellant and his friends when the January rent was not paid and because the tenants were not taking care of the property. Notice of the eviction was given to appellant and the other tenants.

On the morning of March 9, 1995, the Forsters went to the property and met with the sheriff and the bonded movers to carry out the eviction. No one was in the apartment. The doors to the apartment had been broken. Garbage was strewn throughout the apartment, covering the carpet, in which dog excrement was embedded. Holes were in the walls. Graffiti was written on some of the walls.

The movers took the tenants' belongings outside. The Forsters began clearing up the refuse by putting it in garbage cans. They brought up tools to begin repairing the damage. The Forsters left the premises at about 12:30 p.m. after securing the front door with a board. They asked Tracey Skobel to notify the police if there was any trouble.

Approximately ten minutes after the Forsters departed, Tracey Skobel heard a loud noise like a bang at the front door. Skobel immediately called the police. While she was speaking to the police her husband phoned from a nearby store. Andrew Skobel testified that he was walking to the store when he heard a noise and turned to observe appellant try to break the apartment door with his shoulder. When that was unsuccessful, he kicked the door. When Andrew Skobel returned from the store a few minutes later, he observed appellant carrying something down. Skobel went into his own apartment and locked the door. A few minutes later, appellant knocked on the door and told Andrew he was getting some things from the apartment and said goodbye.

About five to ten minutes after appellant left, the Skobels saw that the front door was broken. The board that had secured it was broken in half and pushed out of the way. They went upstairs to the apartment. The garbage cans were knocked over and garbage was all over the floor. The Forsters arrived about 2:30 p.m. and observed the damage. They testified that tools left at the apartment were missing.

Appellant testified that he went to the apartment with Cameron to get their belongings. Cameron testified that the door was not boarded and denied that they had damaged or trashed the apartment. The two left after taking a few of their things.

Appellant was indicted for breaking and entering, theft and vandalism. After a jury trial, appellant was acquitted of theft but found guilty of the other two charges. The trial court sentenced appellant to concurrent terms of two to five years.

## II

Appellant's second assignment of error will be addressed first. Appellant argues that the court erred by admitting testimony concerning the details of his prior convictions for aggravated burglary. Appellant contends that the evidence did not meet any of the exceptions to admissibility found in Evid.R. 404(B) or R.C. 2945.59 and should have been excluded.

Evid.R. 404(B) provides:

"Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Evidence of other crimes may be admissible to show "motive or intent, the absence of mistake or accident on [defendant's] part, or the defendant's scheme, plan, or system in doing the act in question." R.C. 2945.59.

Evid.R. 404(B) and R.C. 2945.59 are exceptions to the general rule which excludes evidence of previous or subsequent criminal acts by the accused which are wholly independent from the charges for which the accused is on trial. *State v. Hector* (1969), 19 Ohio St.2d 167, 48 O.O.2d 199, 249 N.E.2d 912. Because they are exceptions, Evid.R. 404(B) and R.C. 2945.59 are strictly construed against admissibility. The evidence may be admitted if the other act tends to show by substantial proof any of those things enumerated in R.C. 2945.59 and Evid.R. 404(B). *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. The acts may or may not be similar

to the crime at issue. *Id.* Evidence of prior acts may not be used to prove the inference that, in committing the alleged crime, the defendant acted in conformity with his other acts or that he has a propensity to act in such a manner. See *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190, 193.

On direct examination, appellant testified that he was convicted of aggravated robbery on October 29, 1993. On cross-examination, appellant admitted that he actually pled guilty to two counts of aggravated burglary. The prosecutor then questioned appellant as to the manner in which the offenses were committed. Appellant had broken the front door frame in one home and entered through the rear door in the second case. No objection was made by defense counsel.

The prosecutor later questioned appellant further:

"Q. It's quite a coincidence, isn't it, sir, that in your two aggravated burglary charges you got into the homes through the door and in this case the State's witnesses are saying that you kicked down the door, that's quite a coincidence, isn't it sir?

"A. How else would you get in through a house?

"Q. So, sir, you would have had experience prior to this house as far as getting in a home through a door, wouldn't you? Wouldn't you, sir? You would know how to do it?

"A. Anybody could do it."

The prosecutor referred to the details of appellant's earlier convictions in closing argument:

"What else do we know about the defendant? We also know, ladies and gentlemen, that he has committed two aggravated burglaries. We know that he has gone—he has twice been convicted of going in other people's houses, breaking in them and taking things from them. And not only do we know that he breaks into people's houses, but he told us, ladies and gentlemen, how he does it. And how he committed those two aggravated burglaries is by breaking down the door and going inside, the exact same thing that he did in this house.

"And we all know people, we all know people are creatures of habit. We all work and we know that some people come early to work, some people come on time, and some people come late, and people tend to do things exactly the same way. Is it surprising that the defendant then having admitted to committing two burglaries by breaking down the door would break down the door in this case? No. It fits with everything we know about him. Furthermore, the aggravated burglaries tell us, ladies and gentlemen, that the defendant has no respect for other people's property."

The prosecutor later described appellant as the kind of person who breaks into people's houses and takes things.

It must be noted that no objection was made to the testimony or to the prosecutor's remarks during closing argument. As a general rule, a reviewing court will not consider an alleged error that was not brought to the trial court's attention by the complaining party at the time it is alleged the error occurred. However, under Crim.R. 52(B), a reviewing court may notice plain errors or defects which affect a substantial right even though no objection was made. The alleged error must substantially affect the outcome of the trial. The appellate court must examine the error in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if no error occurred. *State v. Slagle* (1992), 65 Ohio St.3d 597, 605 N.E.2d 916.

In *State v. Sutherland* (1994), 92 Ohio App.3d 840, 637 N.E.2d 366, the court held that evidence of the intricate details of the defendant's prior conviction of a drug-related felony was inadmissible as the details may have unduly influenced the jury to convict the defendant based on his past, unrelated behavior. The testimony implied that the defendant had a propensity to commit the crime with which he was charged.

Although in the prior offenses and the instant case, appellant broke doors in order to gain entrance, there are not enough other similarities to fit any of the exceptions listed in Evid.R. 404(B) and R.C. 2945.59. In the prior instances, appellant apparently had broken into the homes in order to commit a burglary. In the instant case, appellant broke the door of the apartment from which he had just been evicted. This was not the home of a stranger but defendant's own recent residence. There is no evidence that appellant was aware of any property in the apartment other than his own or that of his friends.

There is not enough similarity to show a common scheme, plan or motive. Appellant's identity was not an issue. Identity is an issue when the fact of the crime is open and evident but the perpetrator is unknown and the accused denies that he committed the crime. *State v. Smith* (1992), 84 Ohio App.3d 647, 617 N.E.2d 1160. Appellant was the only one with opportunity to commit the offense. He never denied that he was at the apartment that day but disputed what he had done while there.

Further, the prior offenses took place more than a year before the incident in question here. The prior act cannot be too remote and must be closely related in nature, time, and place to the offense charged. *State v. Henderson* (1991), 76 Ohio App.3d 290, 294, 601 N.E.2d 596, 598. The prior acts were committed in Medina County more than a year earlier and were different from the breaking and entering and vandalism which was alleged here.

The prosecution used the prior acts to try to prove that appellant had acted in conformity with the prior acts in the offense charged here. He asked

appellant if it was a coincidence that he had entered all of the houses by the door. During closing argument, the prosecutor used the testimony regarding the prior acts to try to show that appellant was a bad person and used the evidence of the prior convictions to prove that appellant acted in the same way.

"[A]n accused cannot be convicted of one crime by proving he committed other crimes or is a bad person." *State v. Jamison* (1990), 49 Ohio St.3d 182, 184, 552 N.E.2d 180, 183. This is exactly what the prosecution did in the instant case. The evidence did not meet any of the exceptions of Evid.R. 404(B) and R.C. 2945.59 and should have been excluded.

In reviewing the entire record, we cannot conclude that the evidence did not substantially affect the outcome of the trial. It is not clear that appellant would have been convicted without this evidence. Therefore, the admission of the evidence was plain error.

Appellant's second assignment of error is sustained.

### III

Because of the resolution of the second assignment of error, appellant's first, third and fourth assignments of error are moot.

The judgment is reversed, and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON and HARPER, JJ., concur.