JOURNAL ENTRY and OPINION
Appellant Demetrius Smith appeals the decision of the trial court convicting him of preparation of drugs for shipment and possession of drugs and sentencing him accordingly. Smith assigns the following two errors for our review:
 I. THE TRIAL COURT FAILED TO CONDUCT A PROPER INQUIRY AS TO THE APPELLANT'S REQUEST TO DISMISS HIS ATTORNEY.
 II. THE APPELLANT DID NOT RECEIVE HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On February 2, 1999 at approximately 7:00 p.m., Cleveland Police Officer Kevin Hones and his partner Patrick Gannon were conducting surveillance in a shopping plaza at E. 93rd and Wade Park Avenue. The area was known for high levels of drug activity and the officers were sent there in response to citizen complaints about street corner drug sales. The officers concealed themselves on the second floor of an abandoned apartment building across the street and observed the corner using binoculars.
Hones spotted two males standing on the corner of the plaza. One of the men was wearing a red jacket and the other was wearing a blue jacket. Hones later recognized the male in the red jacket as appellant Demetrius Smith. The male in the blue jacket was not identified. Hones saw Smith talking to someone in a car. After the car drove away, Smith and the male in the blue jacket remained on the corner. Approximately fifteen minutes later, a heavyset black female walked up to the male in the blue jacket. Through his binoculars, Hones saw the woman give money to the male in the blue jacket who put it in his pocket. Smith walked into an alcove where he was no longer visible to the police. He emerged approximately one minute later and handed the female a cigarette. Thereafter, the female walked away.
Hones, a police officer for three years who had made over two hundred fifty drug arrests, recognized the activity he witnessed as a drug transaction. He knew that cigarettes were often dipped in PCP and sold individually for anywhere from $25 to $75. He also knew that it was common for drug dealers to work in pairs with one person accepting the money and a second person passing the cigarettes. Hones radioed two other officers in a marked zone car, gave them descriptions of Smith and the male in the blue jacket and told them that he had observed the men making drug transactions.
As the zone car approached, the male in the blue jacket walked away in a westerly direction. Smith walked across the street towards the building where Officers Hones and Gannon had concealed themselves. Smith walked to the rear of a garage with a dumpster and crouched down. At that time, Hones recognized him as Demetrius Smith, who Hones had warned about loitering in the shopping plaza on numerous occasions.
As the zone car searched the area, Hones radioed them that Smith was hiding behind the garage. At that time, Hones noticed another male, later identified as Deonte Burston, walk toward Smith. Hones saw Smith hand Burston a brown vial. Burston walked away towards a nearby apartment complex and Smith ran away. Both men were apprehended by the officers in the zone car.
Hones notified the officers that Smith had handed a brown vial to Burston. A brown vial containing PCP was recovered from Burston's jacket pocket. Smith was charged with preparation of drugs for sale, possession of drugs, and possession of criminal tools.
On the day of trial, Smith's trial counsel informed the court that he and Smith had a fundamental difference of opinion regarding the case and that Smith wanted to discharge him and retain other counsel. After finding out from Smith that he had not yet obtained other counsel, the court refused to remove Smith's trial counsel from the case.
 Well, first of all, you've been appointed counsel by the Court. * * * You don't have the option of choosing what counsel the Court appoints. You would be able to retain a counsel had you chose to do so in a timely manner. There is case law that would not allow me to replace counsel fifteen minutes prior to trial, because they wouldn't have adequate time to prepare your defense, and you are set for trial today, so you're standing before me and telling me that you have not already retained counsel, and that they're not here prepared to go. I cannot remove [trial counsel] from the case. He is your appointed counsel by the Court, because we do not have a counsel to adequately prepare a defense for you in trial.
(Tr. 6-7.)
At trial, the state presented the testimony of Officers Hones, Gannon, and Higgins. The defense presented testimony from Burston who testified that the PCP seized belonged to him and that Smith did not hand it to him as the officers claimed. Burston also testified that he pleaded guilty to possession of PCP in connection with the incident and had already been sentenced.
Roosevelt Grier also testified for the defense and stated that he was arrested at the scene when he attempted to tell police that they had the wrong men. Also, Grier claimed that, on the night in question, Smith was wearing a green jacket, not a red jacket as police claimed.
The jury convicted Smith of preparation of drugs for shipment and possession of drugs. The court sentenced him to two consecutive terms of eleven months in prison, fined a total of $2,000, and had his drivers license suspended for four years. This appeal followed.
In his first assignment of error, Smith argues the trial court failed to conduct a proper inquiry about his request to dismiss his trial counsel.
When seeking to discharge a court-appointed attorney, a defendant must show that the attorney-client relationship has broken down to such a degree as to jeopardize his right to effective assistance of counsel. State v. Henness (1997), 79 Ohio St.3d 53,65, 679 N.E.2d 686, 697, certiorari denied (1997),522 U.S. 971, 139 L.Ed.2d 323, 118 S.Ct. 422, citing State v. Coleman
(1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph four of the syllabus, certiorari denied (1988), 488 U.S. 900, 109 S.Ct. 250,102 L.Ed.2d 238. When an indigent defendant questions the effectiveness of assigned counsel, the trial court must inquire into the complaint and make the inquiry part of the record. Statev. King (1995), 104 Ohio App.3d 434, 437, 662 N.E.2d 389, 390-391, citing State v. Prater (1990), 71 Ohio App.3d 78, 82,593 N.E.2d 44, 46, and State v. Deal (1969), 17 Ohio St.2d 17,244 N.E.2d 742 at syllabus. However, in order to necessitate such an inquiry, the defendant must announce grounds for appointment of new counsel which are sufficiently specific to trigger the duty of further investigation. The failure to inquire into such specific allegations constitutes error as a matter of law. State v. Carter
(1998), 128 Ohio App.3d 419, 423, 715 N.E.2d 223, 225.
In his case, Smith did not go forward with any grounds for discharging his court-appointed trial counsel. In his brief before this court, he argues the trial court was not at all concerned about why he sought to retain other counsel. However, the record reveals that his request was brought to the court's attention just fifteen minutes before the scheduled start of Smith's trial. As the trial court correctly pointed out, an eleventh-hour request to discharge court-appointed counsel is subject to greater scrutiny.
 There exist points at which the process of administering justice must be balanced with the defendant's right to counsel. The right to have counsel assigned by the court does not impose on the court a duty to allow the accused to choose his own counsel, for the selection of counsel is within the sound discretion of the court. Thurston v. Maxwell
(1965), 3 Ohio St.2d 92, 32 O.O.2d 63, 209 N.E.2d 204. We have found that while [t]he Constitution guarantees indigent defendants competent appointed counsel at trial and on direct appeal, it does not guarantee counsel of choice. State v. Bryant (May 8, 1996), Summit App. No. 17618, unreported.
State v. Edsall (1996), 113 Ohio App.3d 337, 340-341,680 N.E.2d 1256, 1258, appeal dismissed (1997), 77 Ohio St.3d 1514,674 N.E.2d 370. When a defendant's request for new counsel is made for purposes of delay or made in bad faith, the court's interest in the orderly and efficient administration of justice outweighs the defendant's right to counsel of his choice. State v. Haberek
(1988), 47 Ohio App.3d 35, 41, 546 N.E.2d 1361, 1367. [T]he refusal to replace an appointed attorney is not an abuse of discretion when the request is made at the last minute prior to trial and adequate reasons for the request are not set out in the record. State v. Harper (1988), 47 Ohio App.3d 109, 113,547 N.E.2d 395, 399, citing State v. Turnage (Nov. 7, 1984), Hamilton App. No. C-840145, unreported.
Smith's trial counsel told the court that he and Smith had a fundamental difference of opinion regarding the case. In his brief before this court, Smith argues that the fundamental difference of opinion referred to by his trial counsel triggered the court's duty to inquire into why Smith sought to obtain other representation. However, it has been held that the right to competent counsel does not require that a criminal defendant have a meaningful relationship with his attorney. State v.Blankenship (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559, 574, discretionary appeal not allowed (1995), 73 Ohio St.3d 1426,652 N.E.2d 799, citing Morris v. Slappy (1983), 461 U.S. 1, 13,103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 621. See, also, Henness,79 Ohio St.3d at 65, 679 N.E.2d at 697. In order to justify the discharge of court-appointed counsel, a defendant must show good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. Blankenship, 102 Ohio App.3d at 558, 657 N.E.2d at 574, citing State v. Pruitt (1984), 18 Ohio App.3d 50, 57,480 N.E.2d 499, 507-508. Because Smith did not go forward with good cause to discharge his court appointed-counsel, the trial court did not err in denying his request. Smith's first assignment of error is overruled.
In his second assignment of error, Smith argues he was denied the effective assistance of counsel by trial counsel's failure to object to Officer Hones' testimony that he recognized Smith as a male he had previously warned about loitering at the shopping plaza. Ohio courts have held that an accused cannot be convicted of one crime by proving he committed other crimes or is a bad person. State v. Goines (1996), 111 Ohio App.3d 840, 847,677 N.E.2d 412, 417, discretionary appeal not allowed (1996),77 Ohio St.3d 1482, 673 N.E.2d 143, citing State v. Jamison (1990),49 Ohio St.3d 182, 184, 552 N.E.2d 180, 183, certiorari denied (1990),498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. See, also State v. Mann
(1985), 19 Ohio St.3d 34, 36-37, 482 N.E.2d 592, 596. However, under Evid.R. 404(B), evidence of other acts by a defendant may be properly admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. State v. Lowe (1994), 69 Ohio St.3d 527,530, 634 N.E.2d 616, 690-691, certiorari denied (1989),490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653, citing State v.Broom (1988), 40 Ohio St.3d 277, 282-83, 533 N.E.2d 682. In order to be admissible, the other acts evidence must be related to and share common features with the crime for which the defendant is charged. State v. Coleman (Nov. 16, 1999), Allen App. No. 1-99-53, unreported; State v. Labrun (March 26, 1999), Mercer App. No. 10-98-19, unreported.
In this case, Smith's theory of defense was one of mistaken identity. Officer Hones' testimony that he had contact with Smith on prior occasions was relevant to establish that Hones was not mistaken about his identification of Smith as the man who participated in drug transactions. The evidence established that Smith had previously been confronted by Officer Hones about loitering in the plaza area and that the plaza area was known for high levels of drug actions. Testimony about Smith's prior acts of loitering in the plaza area was related to and shared common features with the indicated offenses of drug possession and preparation of drugs for sale which took place in the same area. We conclude that the evidence was properly admitted under Evid.R. 404(B). Consequently, trial counsel's failure to object to the admission of such evidence did not constitute ineffective assistance of counsel. State v. White (June 25, 1997), Hamilton App. No. C-960506, unreported, appeal dismissed (1997), 80 Ohio St.3d 1424,685 N.E.2d 238. Where evidence was properly admitted, a claim of ineffective assistance of counsel for failure to object to the admission of such evidence must be rejected. See, also,State v. Webb (Aug. 4, 2000), Greene App. No. 99 CA 74, unreported. Smith's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES M. PORTER, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE