JOURNAL ENTRY AND OPINION
On April 11, 2001, defendant-appellant Glen Fannin (defendant) and his co-defendant Eric Curry (Curry) were indicted in a three-count indictment by the Cuyahoga County Grand Jury for possession of drugs,[1]
preparation of drugs for sale[2] with juvenile specifications and possessing criminal tools.[3] Trial commenced on June 19, 2001 and the jury returned a verdict against defendant of guilty as charged in the indictment.[4] On June 22, 2001, the trial court sentenced defendant to serve four years mandatory imprisonment for count one, one year imprisonment for count two and six months imprisonment for count three. All counts were to run concurrent with each other but consecutive to the sentence imposed against defendant in CR 402916.[5] For the reasons that follow, we affirm.
In response to information received by the Cleveland Police Department, the defendant was placed under surveillance. The police observed people entering the defendant's vehicle for approximately thirty seconds and then exiting the vehicle. The defendant was also observed approaching other vehicles, leaning into the vehicles and then returning to his own vehicle.
The investigation of the defendant led to the execution of a search warrant of Eric Curry's home on November 27, 2000. The defendant, who did not live at the residence, claimed that he was there to repair a toilet. No drugs were found on the defendant's person.
The transcript reveals that on June 19, 2001, the trial court held two suppression hearings on the defendant's motions, both of which were overruled. In his first motion to suppress, the defendant alleged that the search warrant was unconstitutional and vague. Defendant alleged that the police used excessive and unreasonable force and failed to knock and announce their presence prior to entering, and that the search was untimely. In the second motion to suppress, the defendant argued that his statement to the police should be suppressed because the state did not disclose it prior to the trial date.
On the same date, the trial court heard several pretrial motions and denied motions for continuance and for separate trials. The court denied the defendant's motion for mistrial, motion to allow defense counsel to withdraw and motion for the trial judge to recuse herself all based upon the judge's alleged animosity toward defense counsel.
At the suppression hearing, Cleveland Police Detective Dale Dvorak testified that on November 27, 2001, he executed the search warrant that had been issued on November 21, 2001. The defendant argued that the search warrant was not executed forthwith as ordered by the court. Det. Dvorak explained the delay as he was unable to locate the defendant[6]
and that after the intervening Thanksgiving holiday and weekend, he timely executed the search warrant after learning that the defendant had been released from jail.
Det. Dvorak and several other Cleveland Police Officers proceeded to Curry's home to execute the search warrant. Det. Dvorak testified that he knocked on the door and announced they were the police and to open the door. We have a search warrant. After no response, the police gained entry by the use of a ramming device. Several adults and children occupied the residence, including Curry's children and children of visitors from New York. The defendant and Curry were found in the basement.
Evidence found in the basement of the residence included 210 packets of heroin, bags commonly used to package heroin, cash and two pagers. Detective Lisa Mielnik testified that the batteries had to be removed from the defendant's pager because it went off so repeatedly. While interviewing the defendant and Curry, Sergeant Detective Gary Kane and Det. Dvorak noticed that Curry was holding something in his mouth. They requested that he spit it out and discovered it to be an additional forty-two bags containing heroin.
Det. Dvorak testified that after the defendant was informed of his Miranda[7] rights, the defendant stated that he had brought the heroin to the house and that he got it that morning from a man identified as Hank.
The defendant submits nineteen assignments of error for our review which we address out of order. The defendant's first, fifth and sixth interrelated assignments of error are reviewed together.
I. Defendant was denied due process of law when the court refused to continue the trial when defendant had not been furnished notice of an oral statement.
V. Defendant was denied due process of law when the court failed to suppress statements as there was no proper advice of rights as required by Miranda.
VI. Defendant was denied due process of law when any statement of defendant was taken involuntarily from him.
In these assignments, the defendant's arguments revolve around his oral statement that he got the bags of heroin that morning from a male named Hank. In his first assignment of error, the defendant contends that the trial court erred when it denied his motion to continue the trial based on his contention that the State did not provide him with a written summary of the oral statement in discovery.
Crim.R. 16(B)(1)(a)(ii) requires disclosure of written summaries of any oral statement made by the defendant to the prosecuting attorney or to any law enforcement officer. The prosecutor for the State stated that she was unaware that defense counsel had not received the written discovery and stated that she had informed defense counsel of the oral statement prior to the commencement of trial proceedings.
Crim.R. 16(E)(3) provides the trial court with discretion as to its remedy for failure to comply with disclosure under Crim.R. (B)(1)(a)(ii) and may order that discovery be had, grant a continuance, prohibit the introduction of the evidence, or make an order as it deems necessary.
In State v. Parson (1983), 6 Ohio St.3d 442, at syllabus, the Ohio Supreme Court held:
 Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefitted [sic] the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16 (E)(3) by permitting such evidence to be admitted.
There is no evidence that the State willfully violated Crim.R. 16. The State conceded that it had inadvertently failed to provide written discovery to the defendant, apparently due to confusion with the separate action against the defendant, CR 402916, which was heard immediately prior to the instant case. The defense counsel admitted to have had several pretrials on this case.
Further, the defendant does not provide explanation as to how foreknowledge or further discovery of the one sentence statement would have benefitted the preparation of his defense. We find that the trial court did not abuse its discretion when it exercised its options for remedy of the discovery violation under Crim.R. (E)(3) and denied the defendant's request for continuance. The trial court did not act unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
In his fifth and sixth assignments of error, the defendant contends that the trial court's denial of his motion to suppress the oral statement is reversible error because he was not properly advised of his rights under Miranda and because the statement was not voluntarily made.
Miranda set forth the guidelines for the admissibility into evidence of any statement given during the custodial interrogation of a suspect. Miranda requires that a suspect be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Miranda at 479.
The defendant claims that Det. Dvorak failed to advise the defendant that he had the right to an appointed attorney while advising him of his Miranda rights.
In State v. Jeffries (Aug. 24, 2000) Cuyahoga App. No. 76905 at 6, we stated that:
 The prosecution bears the burden of proving by a preponderance of the evidence that the accused was advised of his four Miranda rights. State v. Gumm (1995), 73 Ohio St.3d 413, 429, 653 N.E.2d 253. However, the Supreme Court of the United States has stated that Miranda does not require a `talismanic incantation' of the specific warnings. California v. Prysock (1981) 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696.
In the instant case, Det. Dvorak testified that he advised the defendant of his Miranda rights and the defendant informed him that he understood those rights. The defendant testified that he was advised of his Constitutional rights on three separate occasions and that Det. Dvorak may have been one of the officers who so advised him. Nonetheless, the defendant contends that Det. Dvorak failed to advise him of his right to have an attorney appointed for him should he be unable to afford one. The record reflects that during the suppression hearing, Det. Dvorak testified that he informed the defendant of his rights to remain silent, to have counsel during any questioning, and if he couldn't afford any that counsel would be appointed for him.
As the record demonstrates that the defendant was informed of his right to have counsel appointed should he be unable to afford one, we do not find that the court erred when it overruled the defendant's motion.
In his sixth assignment of error the defendant contends that his oral statement was not made voluntarily as he was handcuffed at the time. However, there is no allegation or evidence of threat, abuse or mistreatment by the police. The mere fact that the defendant was handcuffed at the time he made the oral statement to the police does not, in and of itself, constitute coercion and the defendant does not cite authority to the contrary. The trial court did not err when it overruled the defendant's motion to suppress the oral statement.
Defendant's first, fifth and sixth assignments of error are overruled.
II. Defendant was denied due process of law when the court refused to grant a separate trial.
The defendant argues that the trial court committed reversible error when it denied his motion for separate trials. The defendant argues that he could not receive a fair trial because of the animosity between the defendant and Curry. Further, the defendant alleges that Curry's counsel was abusive during his cross-examination of the defendant. The defendant contends that the court permitted improper questioning concerning the defendant's prior arrest for drug trafficking and use of the defendant's confession.[8]
Crim.R. 8(B) permits the joinder of defendants for trial and provides:
 Two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.
However where it appears that the defendant is prejudiced by the joinder for trial the court shall grant the severance of the defendants. Crim.R. 14.
R.C. 2945.13 provides:
 When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court, for good cause shown on application therefore by the prosecuting attorney or one or more of said defendants, orders one or more of said defendants to be tried separately.
In State v. Thomas (1980), 61 Ohio St.2d 223, 225, 400 N.E.2d 401, the Ohio Supreme Court stated:
 Joinder of defendants and the avoidance of multiple trials is favored in the law for many reasons. Joinder conserves judicial and prosecutorial time, lessens the not inconsiderable expenses of multiple trials, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries.
In State v. Jordon (Apr. 29, 1999), Cuyahoga App. No. 73453 at 24, we held that:
 Joinder of defendants is the rule rather than the exception and the burden is on the defendant to establish any resulting prejudice. State v. Potter (April 16, 1998), Cuyahoga App. No. 72015, unreported. Pursuant to R.C. 2945.13, two jointly indicted persons shall be tried together unless the prosecutor or one of the defendants applies for separate trials and shows good cause. The burden of establishing good cause is on the defendant requesting a separate trial and the granting or denial of such separate trial request rests within the sound discretion of the trial court. State v. Dingus (1970), 26 Ohio App.2d 131, 269 N.E.2d 923; State v. Perod (1968), 15 Ohio App.2d 115, 239 N.E.2d 100.
In the instant case, the circumstances make it clear that the defendant failed to demonstrate good cause that a separate trial should have been granted and failed to demonstrate any prejudice from the denial of his motion.
In its multiple defendant instruction to the jury, the trial court stated that the jurors must decide the question of guilt or innocence of each defendant separately. The trial court properly instructed the jury that it must separately consider the evidence applicable to each defendant as though he were being tried separately.
We presume that the jury followed the instructions given to it by the trial court. Pang v. Minch (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph four of the syllabus. The defendant has failed to demonstrate that he was prejudiced by the joint trial. Therefore, we find that the trial court did not abuse its discretion when it denied the defendant's motion for separate trials.
Defendant's second assignment of error is overruled.
III. Defendant was denied due process of law when the court would not allow defense counsel to withdraw because of judicial animosity or to recuse itself.
In this assignment of error the defendant claims that he was denied a fair trial because the trial court demonstrated animosity toward his counsel. Prior to the commencement of trial the defense counsel sought a mistrial based on his claim that the defendant was before the same judge in a separate case, CR 402916, and that the judge had expressed enmity or bias against the defense counsel. The defense counsel also requested that he be permitted to withdraw or that the judge should recuse herself.
The defendant relies upon Cannon 3(E)(1) of the Code of Judicial Conduct which provides:
 A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding; * * *
The record reveals that the trial court cautioned the defense counsel regarding his apparent lack of respect but does not demonstrate that the trial judge held a bias or animosity toward the defense counsel. The trial court did not hold the defense counsel in contempt at any time, nor was there any incident before the jury. There is no evidence that the defendant was prejudiced and did not receive a fair trial. In fact the trial judge clearly stated that she did not hold a bias. The court stated:
 The Court: * * * Just because there was a miscue as to you wanting a witness that was not on your witness list and because we have actually talked to good Leo several times and we are getting him here as soon as possible, and because I have indicated to you that I don't wish to have this happen on a third occasion in my courtroom, I would never, ever hold that against Mr. Fannin. Nor, frankly, counsel, would I ever hold it against you.
The State argues that the proper means to seek the disqualification of a common pleas judge is set forth in R.C. 2701.03, which provides:
 § 2701.03 Disqualification of common pleas judge; proceedings after affidavit filed against common pleas or appellate judge.
 (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 (B) An affidavit of disqualification filed under section 2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following * * *.
In the instant case, the defendant's counsel failed to properly file his affidavit of disqualification with the Supreme Court pursuant to R.C. 2701.03, which provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced. Jones v. Billingham (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657. The chief justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased and prejudiced. Id. Section 5(C), Article IV, Ohio Constitution.
As the defendant's counsel failed to file an affidavit of disqualification with the Ohio Supreme Court as required by R.C. 2701.03, the defendant waived any error regarding the trial judge's denial of his motion to recuse. McAlpine v. St. Vincent Charity Hosp. (Dec. 16, 1999), Cuyahoga App. 75509. See Bland v. Graves (1994), 99 Ohio App.3d 123,132, 650 N.E.2d 117. This court is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. Beer v. Griffith (1978), 54 Ohio St.3d 440, 441-442, 377 N.E.2d 775.
Defendant's third assignment of error is overruled.
IV. Defendant was denied due process of law when the court overruled the motion to suppress.
X. Defendant was denied due process of law when the court overruled the motion to suppress without even reviewing the affidavit and search warrant.
We consider together the related assignments of error four and ten regarding the defendant's challenge of the validity of the search warrant and its execution. The defendant argues that his motion to suppress should have been granted due to the following: (1) the police failed to knock and announce their presence prior to entering; (2) the search warrant was not served in a timely fashion; and (3) information in the affidavit was stale and did not establish probable cause.
In State v. Dennis, 79 Ohio St.3d 421, 426, 1997-Ohio-372,683 N.E.2d 1096, the Ohio Supreme Court found as follows:
 Fourth Amendment rights are personal in nature and may not be vicariously asserted by others. Alderman v. United States (1969), 394 U.S. 165, 174, 89 S.Ct. 961, 966-967, 22 L.Ed.2d 176, 187; Rakas v. Illinois (1978), 439 U.S. 128, 133-134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 394; State v. Coleman (1989), 45 Ohio St.3d 298, 306, 544 N.E.2d 622, 631. A defendant bears the burden of proving not only that the search was illegal, but also that he had a legitimate expectation of privacy in the area searched. See Rawlings v. Kentucky (1980), 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, 641.
In the instant case, the defendant is unable to show that he had an expectation of privacy in the co-defendant's home or the 1991 Oldsmobile. The defendant did not reside at the property, nor was he an overnight guest. The defendant lacks standing to object to the warrant or the resulting search. See State v. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796.
The defendant's argument that the search warrant was not timely served is without merit. Crim.R. 41(C) dictates that a search warrant must be executed within three days of its issuance. Intervening holidays and weekends are not included within the computation of time for service of the warrant. Crim.R. 45(A). Here, the search warrant was signed on Tuesday, November 21, 2000 and executed on Monday, November 27, 2000. The intervening Thanksgiving holiday and the weekend are not included, therefore, the warrant was executed timely on the third day from its issuance.
Defendant's fourth and tenth assignments of error are overruled.
VII. Defendant was denied due process of law when the court proceeded to call defendant, after he had testified in his own behalf, as a court's witness.
The defendant challenges the court's action in calling the defendant as a court's witness after he had testified on his own behalf and was cross-examined by the State. After the court's examination, the defense counsel for Curry cross-examined the defendant.
It is within the trial court's sound discretion to exercise its authority to call a witness of the court. State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144, paragraph four of the syllabus. The trial court is permitted to call a witness of the court pursuant to Evid.R. 614, which provides:
 Evid.R. 614. Calling and Interrogation of Witnesses by Court.
(A) Calling by court.
The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called.
Next, the defendant argues that the trial court proceeded to prejudice the defendant during its direct examination. However, defense counsel failed to object at any time during the trial court's examination. Therefore, this matter has not been preserved for appeal. "A party has waived the right to assign on appeal any error which he or she could have, but did not, bring to the attention of the court below." Boyd v. Edwards (1982), 4 Ohio App.3d 142, 151, 446 N.E.2d 1151. See State v. Watson (Apr. 12, 2001), Cuyahoga App. No. 77494.
We do not find that the court abused its discretion when it called the defendant as a court's witness, nor that the trial court committed plain error when it questioned the defendant. Crim.R. 52(B). The defendant's seventh assignment of error is overruled.
VIII. Defendant was denied a fair trial when the court permitted an abusive and demeaning cross-examination of defendant by counsel for co-defendant Eric Curry.
The defendant argues that the co-defendant's cross-examination was abusive and improper. Initially, we note that we will review only those statements where the defense counsel's objections were not sustained. The defendant finds error in the following questions and comments made by Curry's counsel: (1) if the jury believed the defendant's story then the jury could only conclude that the drugs were Curry's; (2) whether the defendant wanted to do that; (3) whether he understood that the possibility that the jury would buy his conspiracy theory; (4) that the defendant was worried about saving his own hide rather than doing the right thing and taking responsibility for his actions; (5) that the defendant threw drugs behind the bar; (6) whether the detectives were lying because it did not fit with the true story told by the defendant; and (7) that the defendant rationalized his story by thinking that the jury might believe the drugs belonged to the visitors from New York also in the home.
The defendant relies on Jones v. Macedonia-Northfield Banking Co. (1937), 132 Ohio St. 341, 351, 7 N.E.2d 554, for the proposition that it is the duty of the trial court to control the atmosphere of the court for the accomplishment of a fair and impartial administration of justice. The defendant argues that the judge must not allow gross injustices to be tolerated without interference. Id.
However, the defendant chose to subject himself to cross-examination, and thereby his credibility, by taking the stand in his own defense. In State v. Landrum (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710, the Ohio Supreme Court stated:
 Moreover, `[w]here upon a trial of an indictment the defendant offers himself as a witness, and testifies in his own behalf, he thereby subjects himself to the same rules, and may be called on to submit to the same tests as to his credibility as may legally be applied to other witnesses.' Hanoff v. State (1881), 37 Ohio St. 178, paragraph one of the syllabus.
The record demonstrates that Curry's counsel based his cross-examination of the defendant upon evidence which was already properly before the jury's consideration including the drugs and his confession. Further, the defendant was able to testify on cross-examination that he was telling the truth, that the drugs were not his, and that he did not make the confession to Det. Dvorak that the drugs were his. We do not find that the cross-examination of the defendant by Curry's counsel prejudiced the rights of the defendant or that he was denied a fair and impartial trial. The Defendant's eighth assignment of error is overruled.
IX. Defendant was denied due process of law when the court failed to make any findings.
In this assignment of error, the defendant argues that the trial court failed to make findings of fact in regard to its denial of the defendant's motions to suppress despite his request. The defendant contends that the trial court failed to make its findings as required by Crim.R. 12(F).
Crim.R. 12(F) provides: * * * Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
In State v. Alexander (1997), 120 Ohio App.3d 164, 169, 697 N.E.2d 255, we held:
 * * * inadequate findings of fact are treated as harmless error where the lack of such findings does not prevent the appellate court from fully reviewing the suppression issues. See State v. Brewer (1990), 48 Ohio St.3d 50, 60, 549 N.E.2d 491.
We find that the record of the suppression hearings and the arguments presented by defense counsel and the prosecution permit this court to fully review the issues presented in the defendant's motions to suppress. In the instant case, the trial court's failure to make findings of fact amounts to harmless error. Crim.R. 52(A). The defendant's ninth assignment of error is overruled.
XI. Defendant was denied a fair trial when improper and prejudicial testimony was offered against him.
In this assignment of error, the defendant argues that he was denied a fair trial by the improper testimony offered against him by Curry's counsel during his examination of the witnesses, as follows: (1) that defendant was under investigation for drug dealing for some time prior to November 27, 2000; (2) whether a scale was found in the defendant's vehicle; (3) that the defendant was arrested a few days prior to executing the search warrant; (4) that the defendant confessed that the heroin was purchased that morning; (5) that Det. Dvorak was not investigating the people visiting Eric Curry from New York and that he had observed the defendant on four separate occasions prior to the search warrant; (6) that the items found were used for preparation of drugs for sale; (7) what items were considered drug paraphernalia; (8) that the drugs were waiting to be packaged; (9) that the Det. Dvorak believed the defendant was selling drugs.
The defendant relies upon State v. Goines (1996), 111 Ohio App.3d 840,844-46, 677 N.E.2d 412, for the proposition that evidence of improper bad acts constitutes plain error sufficient to justify a reversal.
Evid.R. 404(B) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for the other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59 provides:
§ 2945.59 Proof of defendant's motive.
In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Ohio law is clear that it is within the sound discretion of the trial court to admit or exclude evidence. State v. Combs (1991),62 Ohio St.3d 278, 581 N.E.2d 1071. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore, supra. An abuse of discretion implies that the court's ruling was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144. To find an abuse of discretion, this court must find that the trial court committed more than an error of judgment. State v. Reed (1996), 110 Ohio App.3d 749, 752,675 N.E.2d 77, citing to State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343.
We do not find that the trial court abused its discretion when it admitted the evidence of the surveillance of the defendant and prior arrest as the other acts of the defendant which are admissible for the purpose of proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B) and R.C. 2945.59.
The trial court sustained defense counsel's objection and provided the jury with a corrective instruction to disregard the question as to whether a scale was found in the defendant's vehicle. The defendant's confession that he brought the heroin into Curry's home was already properly admitted. The testimony that the bags are used for preparation of drugs for sale does not constitute an other act. The detectives' testimony that the paraphernalia appeared to be used in the preparation of drugs for sale and that the defendant was believed to be selling drugs are properly admitted for the purpose of the defendant's scheme.
We do not find that the trial court's ruling was unreasonable, arbitrary or unconscionable, therefore, the defendant's eleventh assignment of error is not well taken.
XII. Defendant was denied a fair trial by reason of improper prosecutorial argument.
The defendant contends that he was denied a fair trial as a result of improper argument made by the prosecutor during her closing argument.
In State v. Casalicchio (Feb. 14, 2002), Cuyahoga App. No. 79431 at 25-26, we stated:
 A prosecuting attorney's conduct during trial does not constitute a ground for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982), 455 U.S. 209, 219, 71 L.Ed.2d 78, 102 S.Ct. 940. The effect of the prosecutor's alleged misconduct must be considered in light of the entire trial. State v. Maurer (1984), 15 Ohio St.3d 239, 266, 473 N.E.2d 768. The test regarding prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. A prosecutor is afforded wide latitude in closing arguments. State v. Jacks (1989), 63 Ohio App.3d 200, 210, 578 N.E.2d 512. It is within the trial court's discretion to determine if a prosecutor has gone beyond the bounds permitted. State v. Benge (1996), 75 Ohio St.3d 136, 661 N.E.2d 1019. A judgment will not be reversed if it is clear beyond a reasonable doubt that, absent the prosecutor's remarks, the jury would have found the defendant guilty. State v. Loza (1994), 71 Ohio St.3d 61, 78, 641 N.E.2d 1082.
The defendant asserts that the prosecutor made the following improper comments in her closing argument: (1) I hope to God the juveniles didn't view the offense. The State of Ohio again has proven that, ladies and gentlemen; (2) that the defendant's beeper was going off incessantly with people calling for heroin; and (3) that the State demonstrated by convincing, credible and consistent witness testimony that the defendant was guilty beyond a reasonable doubt.
We find that the comments made by the prosecution did not deny the defendant a fair trial. When the entire trial is considered, it is clear beyond a reasonable doubt that the jury would have found the defendant guilty absent these remarks.
Defendant's twelfth assignment of error is overruled.
XIII. Defendant was denied assistance of counsel when the court ruled that no comment could be made to the jury concerning the non-production of a witness.
The defendant challenges the trial courts grant of the State's motion in limine prohibiting the defendant from commenting to the jury in his closing argument upon the State's failure to call a prosecution witness. The trial court based its ruling upon Crim.R. 16(B)(4) which provides:
 Witness list; no comment. The fact that a witness' name is on a list furnished under subsections (B)(1)(b) and (f), and that such witness is not called shall not be commented upon at the trial.
The defendant relies upon State v. Champion (1924), 109 Ohio St. 281,289, 142 N.E. 141, for the proposition that the absence of a witness who is present at a transaction may properly be commented on. The Ohio Supreme Court stated in Champion as follows:
 As to the absence of [witnesses], who were present at the scene of the homicide, * * * that may properly be the subject of comment by counsel for the state, unless their absence be reasonably accounted for by the defendant. It is the presumption in fact as well as law that, if the witness known to be present at the time a vital event takes place is available to testify, and fails to be called, or to have his deposition taken, or his absence accounted for by the party in whose favor he would naturally be expected to testify, it is not improper for counsel upon the other side to infer that his testimony would be unfavorable to the defendant; that the defendant's story of the transaction in question would not be corroborated if such witness was present and testified, or his deposition taken.
The defendant distinguishes between commenting upon a witness set forth in the State's witness list who is not called upon to provide testimony and commenting upon the absence of a witness who was present during a transaction and whom the jury would naturally expect to testify. It is well settled that counsel should be provided wide latitude in their closing argument. Pang v. Minch (1990), 53 Ohio St.3d 186, 194,559 N.E.2d 1313.
We agree that defense counsel should have been permitted to comment on the State's failure to call a material witness. Crim.R. 16(B)(4) only prohibits a party from commenting to the jury that a name of a witness was on the opposing party's witness' list but was not called. It does not alter the general proposition. State v. Boyd (Mar. 11, 1993), Cuyahoga App. No. 61934 at 13-14. However, we are not persuaded by the defendant's argument.
The record does not reflect the name of the witness which the defendant wished to comment upon or what circumstances the witness may have been a part of, material or otherwise. We find that any error to be harmless. Crim.R. 52(A). The defendant failed to provide any evidence that he was prejudiced by the trial court's ruling. We presume that the defendant desired to comment on the absence of testimony of the Hank identified by the defendant as the person from who he received the heroin. However, this person could have also been called as a witness by the defendant. Defendant's thirteenth assignment of error is overruled.
XIV. Defendant was denied due process of law when the court did not dismiss the juvenile specification.
XVI. Defendant was denied due process of law when the court permitted a conviction for the juvenile specification without any knowledge or scienter.
We address the defendant's fourteenth and sixteenth assignments of error together as they both relate to the juvenile specifications contained in count two, preparation of drugs for sale in violation of R.C. 2925.07.
The defendant argues that for the juvenile specification to be applicable there must have been testimony that the children in Curry's home were under the age of 18. The defendant argues that the State did not present evidence of the age of the children.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh,90 Ohio St.3d 460, 484, 2001-Ohio-4, 739 N.E.2d 749.
R.C. 2925.01(BB) provides:
 An offense is `committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense.
R.C. 2925.01(N) defines a juvenile as a person under eighteen years of age. The State presented the testimony of Det. Dvorak who clearly distinguished between both adults and children being found in Curry's home. Det. Dvorak further testified that two of Curry's children lived with he and his wife at the residence and that at least one juvenile child was theirs. Other children, who may have been the children of the New York visitors were also present. Again, Det. Dvorak distinguished between adults and children, stating possibly two other adults and some children.
Viewing the evidence in the light most favorable to the prosecution, we find that the State presented sufficient evidence that the defendant committed the offense within the required vicinity of juveniles to support the conviction for preparation of drugs for sale with a juvenile specification.
In his sixteenth assignment of error, the defendant argues that the juvenile specification contained in count two is unconstitutional as it does not require the State to prove that he had knowledge of the age of the juvenile. The defendant argues that to permit him to be criminally liable without providing a mens rea is impermissible.
R.C. 2925.01(BB) does not require proof of knowledge. [A] specificationis, by its very nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached. State v. Nagel (1999),84 Ohio St.3d 280, 286, 703 N.E.2d 773. A specification is not an offense standing alone and ordinarily serves to increase the degree of the crime committed and the attendant penalty. State v. Hernandez (Feb. 24, 2000), Cuyahoga App. No. 74757 at 19.
The State met its obligation to prove the underlying offense of preparation of drugs for sale and the element of the defendant's mental state required therein. The enhancing specification of R.C. 2925.01(BB) does not require that the defendant knowingly committed the offense of preparation of drugs to sell in the vicinity of a juvenile. Based upon the above, the defendant has failed to prove that the specification is unconstitutional. See State v. Gimenez (Sept. 4, 1997), Cuyahoga App. No. 71190.
Defendant's fourteenth and sixteenth assignments of error are overruled.
XV. Defendant was denied due process of law when he was convicted of possession of criminal tools.
Count three of the indictment charges the defendant with the offense of possessing criminal tools, to wit, money, pager, cellular phone, 1989 Ford and bags. The Defendant contends that his conviction violated his right to due process because he did not possess all of the items listed in count three. The defendant argues that he only possessed $91, and did not have a cellular phone or a 1989 Ford.
The defendant fails to support this argument with any legal authority or citation to case law. It is the duty of the defendant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record. See App.R. 16(A)(7); State v. Watson(1998), 126 Ohio App.3d 316, 321,710 N.E.2d 340. State v. Semenchuk (Feb. 21, 2002), Cuyahoga App. No. 79523 at 11.
Defendant's fifteenth assignment of error is overruled.
XVII. Defendant was denied due process of law when the court overruled his motion for judgment of acquittal on the drug possession counts.
In this assignment of error the defendant challenges his conviction for possession of drugs and possessing criminal tools because the items were found in Curry's home and mouth and there is insufficient evidence to prove his possession. We disagree.
Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses * * *.
In order to determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court views the evidence in a light most favorable to the prosecution. State v. Dennis,79 Ohio St.3d 421, 430, 1997-Ohio-372, 683 N.E.2d 1096. State v. Randazzo, Cuyahoga App. No. 79667, 2002-Ohio-2250.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. State v. Randazzo, supra at ¶ 57.
R.C. 2925.11 provides that no person shall knowingly obtain, possess, or use a controlled substance. R.C. 2923.24(A) provides that no person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the element of an offense have been proven beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, paragraph one of the syllabus. The weight to be given to the evidence and credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
The State presented evidence that the defendant informed the police that he brought the drugs to the house and that he got the bags of heroin that morning from a male name Hank. The State also presented evidence that the defendant was found in the basement in close proximity to the drugs and paraphernalia found there.
When this evidence is viewed in the light most favorable to the State, a reasonable jury could find that the defendant was found in possession of heroin and criminal tools, including cash, a pager and packaging bags. Any rational trier of fact could have found the essential elements of possession of drugs and possessing criminal tools beyond a reasonable doubt. The trial court did not err when it denied the defendant's Crim.R. 29 motion for acquittal.
Defendant's seventeenth assignment of error is overruled.
XVIII. Defendant was denied equal protection of the law and due process of law when the same amount of drugs under different counts results in different sentences.
The defendant argues that the same amount of drugs resulted in different sentences, to wit, possession of the drugs resulted in a second degree felony and preparation to sell the drugs resulted in a fourth degree felony. The defendant relies on State ex rel. Patterson v. Industrial Comm'n, 77 Ohio St.3d 201, 1996-Ohio-263, 672 N.E.2d 1008, for the proposition that all similarly situated individuals must be treated in a similar manner and that laws should operate equally upon persons who are identified in the same class. Id. at 204.
However, the defendant did not raise the issue of the constitutionality of the statutes with the trial court and it is therefore not preserved for appeal.
Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal. State v. Awan (1986),22 Ohio St.3d 120, syllabus.
Defendant's eighteenth assignment of error is overruled.
XIX. Defendant was denied due process of law when he was sentenced to more than a minimum sentence.
In this assignment of error, the defendant challenges his sentence as the trial court stated that it would treat the defendant as a new offender but failed to impose the minimum sentence. The defendant argues that if he were a first time offender he was entitled to the minimum sentence.
At the sentencing the trial court heard defense counsel in mitigation. The trial court imposed the following sentence of imprisonment: four years for possession of drugs in violation of R.C. 2925.11, a second degree felony; one year for preparation of drugs for sale with juvenile specification in violation of R.C. 2925.07, a third degree felony; and six months for possessing criminal tools in violation of R.C. 2923.24, a fifth degree felony.
We note that the defendant has apparently confused his sentencing for case no. 402916 with his sentencing in the instant case, because he incorrectly argues in his brief that he was sentenced to six years imprisonment.[9]
Pursuant to the sentencing guidelines set forth in R.C. 2929.14(A), the trial court did impose the minimum sentences for the preparation of drugs for sale and possessing criminal tools. However, for possession of heroin the trial court could have sentenced the defendant to a mandatory term of between two and eight years of imprisonment. R.C. 2929.14(A)(2); R.C.2925.11(C)(6)(d).
The record reveals that from 1973 through 1977 the defendant was convicted of burglary, theft, sale of dangerous drugs, possession of dangerous drugs, assault and robbery. The record indicates that the defendant received probation for each of the convictions. However, the defendant informed the trial court that he served a prior prison term in 1969 for armed robbery. Despite this evidence, the trial court stated that it would treat the defendant as a new offender because it did not have a record of the previous incarceration. In mitigation, the trial court considered that it had been many years since his last conviction.
R.C. 2929.14(B) provides as follows:
 Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
While the trial court considered the above mitigating circumstances in relation to the sentence, it was not prevented from imposing more than the minimum sentence upon the defendant. The fact remains that the defendant was not a first time offender who had not previously served a prison term.
We find that the trial court complied with R.C. 2929.14. The sentencing record demonstrates that the trial court found that a prison term was consistent with protecting the public from future crime and to punish the defendant as the offender. The trial court found that the shortest term of imprisonment would demean the seriousness of the defendant's conduct and that the shortest term would not adequately protect the public from the defendant.
We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C.2953.08; State v. Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia (1998), 126 Ohio App.3d 485, 710 N.E.2d 783; State v. Donnelly, (Dec. 30, 1998), Clermont App. No. CA98-05-034.
The trial court found that the defendant possessed a large amount of heroin packaged in individual bags. The court found that after the defendant had been arrested for the acts which resulted in his convictions in case no. 402916, he continued to prepare drugs for sale which resulted in his conviction in the instant case. The court found that the defendant had a fundamental disrespect for the law and that he would endanger the public. Applying the above standard of review we find that the defendant's sentence is clearly and convincingly supported by the record and is not contrary to law.
Defendant's nineteenth assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] R.C. 2925.11.
[2] R.C. 2925.07.
[3] R.C. 2923.24.
[4] Curry was found guilty of possession of drugs, not guilty of count two and count three was dismissed upon his motion for acquittal. See State v. Curry, Cuyahoga App. No. 80148, 2002-Ohio-2260.
[5] In this separate case, the defendant was convicted of two counts of possession of heroin and two counts of preparation of drugs for sale.
[6] The defendant had been arrested and charged for the acts which apparently resulted in his convictions in CR 402916.
[7] Miranda v. Arizona (1966), 384 U.S. 436, 444, 478-79.
[8] This argument is further reviewed in the defendant's eleventh assignment of error.
[9] The trial court sentenced the defendant for his convictions in both case nos. 402916 and 405055 in one hearing.